## IRA MATHEWSON *v.* THE ESTATE OF CALVIN SARGEANT.

### *Evidence.    Husband and Wife.*

In a suit against the representative of a deceased person, evidence introduced to show what such deceased person testified to in a suit against him in his lifetime, for substantially the same cause of action, and which was terminated by the death of the defendant, is admissible, notwithstanding his widow has become a competent witness by his death.

ASSUMPSIT.    General counts.    Plea the general issue and statute of limitations.    Trial by jury, May Term, 1862, BARRETT, J., presiding.

The claim was for board and maintenance of a minor son.

It appeared that in 1855 the plaintiff commenced an action on book account against Calvin Sargeant for the same cause as that presented in this action, and the case was referred to an auditor. At the hearing Sargeant was duly sworn and testified, and was fully cross examined by the plaintiff, but before the auditor returned his report into court, Sargeant died, and the cause was terminated and the costs duly certified.    The plaintiff then presented his claim, with the costs of the former suit, to the commissioners, who disallowed the same, and allowed Sargeant's costs as certified ; from this decision the plaintiff appealed, which appeal is this action.    On the trial the defendant offered to prove by the auditor in the former suit, Sargeant's testimony before him in relation to the matters now in controversy, to which the plaintiff objected ; but the same was admitted and the plaintiff

excepted. Sargeant's testimony as proved was pertinent to the issue, and no objection to its pertinency was raised. Sargeant's widow was also introduced as a witness by the defendant and testified without objection either to her competency to testify, or to the testimony given by her. Sargeant's testimony before the auditor was the first introduced by the defendant on the trial in the county court. After this the testimony of several other witnesses was introduced, and the widow of Sargeant was the last witness in behalf of the defence.

Verdict for the defendant,—exceptions by the plaintiff.

*Washburn & Marsh,* for the plaintiff.

The testimony of Calvin Sargeant, deceased, given by him before another tribunal, should have been excluded.

It is against the policy of the law, to permit the testimony of both husband and wife in a suit wherein the husband is alone a party, and the wife in no way a party to the record.

In this case the wife was made admissible by virtue of a decision of this court in *Smith* v. *Potter,* 27 Vt. 304.

If Sargeant had lived, he would have been a witness of course, but not his wife ; being dead, while his wife may be a witness by virtue of the decision above mentioned, most certainly the minutes of his testimony before another court, though upon the same matter, cannot be admissible.

*Sewall Fullam,* for the defendant.

PECK, J. The only question is whether the evidence introduced on the part of the defence to show what Calvin Sargeant, the deceased, testified in his life time before the auditor was properly admitted. This is substantially the same suit in which Sargeant gave his testimony before the auditor. By force of the statute the suit on the death of Sargeant was carried before the commissioners on his estate, and this is an appeal from their decision. The suit is substantially between the same parties. The plaintiff is the same, and the defendant is the representative

of the original defendant. The subject matter of the suit is the same, and the issue the same. Whether the suit is regarded as the same or not, the parties are substantially the same, the subject-matter and the issue are the same, and that is sufficient to render the testimony which Sargeant gave as a witness before the auditor admissible, he having since deceased. This is hardly denied by the plaintiff's counsel as a general proposition. But it is insisted that by the death of Sargeant, his wife who survived him, was rendered competent to testify on the part of the defence, who was not competent in Sargeant's life time; and that the defence ought not to have the benefit of the testimony of Sargeant and his widow, when only Sargeant could have testified had he still lived. It is claimed for this reason, that to allow the defence to use the testimony of Sargeant given on the former trial, gives the defendant an undue advantage, as the wife of the plaintiff is not a competent witness for the plaintiff. But legal and competent evidence cannot be excluded for the reason that by admitting it the party offering it will have more witnesses or more testimony than the other. But if we should adopt the argument of the plaintiff's counsel, we see no error in the ruling of the county court. When the proof of what Sargeant testified on the former trial was offered and admitted, it did not appear that the widow of Sargeant was to be introduced as a witness, or even that Sargeant left a widow. The court therefore did not err in admitting the testimony even on the plaintiff's ground of objection now urged. When the widow of Sargeant was at a subsequent stage of the trial offered as a witness, she was not objected to; so that the plaintiff cannot object to her having been used as a witness. But we see no reason why the defence was not entitled to the testimony of both Sargeant and his widow. It is the necessary result of the statute making parties and interested persons witnesses. The court did not make the competency of evidence depend on the question whether by the decision the one party, or the other, will have the greater number of witnesses in the particular case. By another provision of the statute, the wife of a party who has transacted business as agent for her husband may

testify in his behalf in relation to .it, but under this statute her competency cannot be made to depend on whether the wife of the other party is so situated that she can also testify. The competency of evidence depends on fixed principles, and not on the accidents of particular cases.

The evidence objected to was properly admitted, and the judgment is affirmed.