WM. M. PARSONS, Defendant in Error, v. AGNES J. PARSONS, Plaintiff in Error.

1. *Practice, civil — Trial — Evidence — Deposition in former suit, when admissible — Privity of parties, etc.* — Suit in ejectment was brought by the son against the father, and the deposition of the latter was taken, full opportunity being given for cross-examination. Pending the trial the father died, and the suit was discontinued. Subsequently one involving the same issues was brought by the son against the father's widow, and his deposition filed in the latter suit. *Held*, that the deposition was admissible in evidence. To that end, complete identity of parties in the two actions was not required. It was sufficient that the defendants were in privity with each other. *Held, further,* that, there being no objection to the deposition on the ground of incompetency at the time it was taken, the subsequent decease of deponent would not, under the statute (2 Wagn. Stat. 1372, § 1), deprive the party of its benefit.
2. *Deeds — Delivery of with intent to invest title, effect of.* — A deed delivered by the grantor with the intent and purpose of vesting the title in the grantee, amounts to a substantial transfer of the estate, and no subsequent act can defeat it.

*Error to First District Court.*

*T. Shackleford*, for plaintiff in error.

I. The deposition of Isaac Parsons ought to have been admitted. The same subject-matter was in dispute, and there was a privity in the parties. (1 Greenl. Ev., §§ 553, 554; Cabanne *et al.* v. Walker, 31 Mo. 274; Jaccard *et al.* v. Anderson, 37 Mo. 91.)

II. The deposition can not be excluded under the statute. (2 Wagn. Stat. 1372, § 1; 44 Me. 21; 45 Me. 461; Green *et al.* v. Gould, 3 Allen, 465; Mathewson v. Estate of Sargeant, 36 Verm. 142.)

Parsons v. Parsons.

*Philips & Vest*, for defendant in error.

I. The deposition of Isaac Parsons, deceased, was properly excluded, for the reason that the deposition was taken in another suit between different parties, and involving different issues. The appellant was not privy, in law, estate, or blood, to her deceased husband. (2 Coke on Littleton, 597 ; 1 Washb. on Real Prop. 138, note 2.)

II. The deposition was properly excluded, because the court below had excluded the testimony of plaintiff, for the reason that Isaac Parsons, the other party to the transaction, was dead ; and if the court had then admitted the deposition of the deceased party, the object and intention of our statute would be defeated. (2 Wagn. Stat. 1372, § 1.) Whilst the statute properly excludes the living party as a witness, it surely does not mean to do him the injustice of sealing his mouth, and then admitting the testimony of the other party because dead.

WAGNER, Judge, delivered the opinion of the court.

Ejectment tried in the Saline Circuit Court for the recovery of a tract of land, where plaintiff had judgment, which was affirmed on appeal in the District Court. The main point presented for consideration here is the action of the court in its rulings as to the admissibility of testimony, though exceptions are also taken in reference to the instructions.

The action was against Agnes, the widow of Isaac Parsons, deceased ; and the plaintiff, who was the son of Isaac, claimed the premises by virtue of a deed, which he alleged was executed and delivered to him by the deceased in his lifetime. A prior suit was commenced by this plaintiff against his father Isaac, when living, and, in that suit, Isaac's deposition was taken in his own behalf. During the pendency of the suit the defendant Isaac died, and it was discontinued, and it is now again brought for the same land, against the widow in possession, who claims title under a conveyance from her deceased husband.

On the trial of the cause, the deposition of the deceased party and witness was offered in evidence on the part of the defendant,

and the plaintiff objected to its reception. The objection was sustained, and it was ruled out. The deposition, with the record in the prior suit, had been filed in the pending action.

It has long been held in this State that depositions taken in a former suit between the same parties, may be read in evidence, unless there be other objections than that of having been taken in the former suit. (Tindall v. Johnson, 4 Mo. 113.) But if a party wishes to avail himself of it as evidence, he should either file it in the suit, or give the opposite party notice that he intends to use it. (Samuel v. Withers, 16 Mo. 532 ; see, however, Cabanne v. Walker, 31 Mo. 214.) And the testimony of deceased witness at a former trial of a case is admissible in evidence, if the same issues are presented, and his testimony was directed to the issues, thus giving an opportunity for cross-examination. (Jaccard v. Anderson, 37 Mo. 91.)

As to the issues being the same in this action with the previous one instituted by the plaintiff against Isaac Parsons, there is no doubt, and the record shows that full opportunity was afforded by the plaintiff for cross-examination. But it is insisted that the parties were not the same, and therefore the evidence was inadmissible. Mr. Greenleaf says " that in regard to the admissibility of a former judgment in evidence, it is generally necessary that there be a perfect mutuality between the parties — neither being concluded, unless both are alike bound. But with respect to depositions, though this rule is admitted in its general principle, it is applied with more latitude of discretion, and complete mutuality or identity of all parties is not required. It is generally deemed sufficient if the matters in issue were the same in both cases, and the party against whom the deposition is offered had full power to cross-examine the witness." (1 Greenl. on Ev., § 553.) In the case of judgments the rule does not apply exclusively to the parties of record, but extends to all those who are in privity with them. Therefore, all privies, whether in estate, in blood, or in law, would be estopped from disputing whatever was conclusive upon him with whom they were in privity. Now, here the privity sufficiently exists, and, if there be no other objection, the deposition should have been admitted.

But it is further objected that the deposition was not admissible under the statute making parties witnesses. By the statute it is enacted that no person shall be disqualified as a witness in any civil suit or proceeding at law or in equity by reason of his interest in the event of the same, as a party or otherwise, but such interest may be shown for the purpose of affecting his credibility; *provided*, that in actions where one of the original parties to the contract or cause of action in issue and on trial is dead, or is shown to the court to be insane, the other party shall not be admitted to testify in his own favor. (2 Wagn. Stat. 1372, § 1.) This statute, while it destroyed the disabilities under which parties to the record were placed by the common-law rule, was designed to put them on an equality; and hence, if either party died or became insane, the other party was rendered incompetent because he could not be opposed by the only person who was capable of meeting and rebutting his testimony. Where the disability is raised by the statute, it supposes a total disqualification at the time of trial, or when the evidence is taken. But it is not intended to exclude evidence which was admissible and competent at the time it was given. If there was no objection to the deposition, on the ground of incompetency, at the time it was taken, the subsequent decease of the witness could not deprive the party of its benefit. In Vermont, on a statute similar to ours, it has been held that in a suit against the representatives of a deceased person, evidence introduced to show what such deceased person testified to in a suit against him in his lifetime for substantially the same cause of action, and which was terminated by the death of the defendant, is admissible, notwithstanding his widow had become a competent witness by his death. (Mathewson v. Sargeant, 36 Verm. 142.) I think, therefore, that the court erred in sustaining the objection, and that the deposition should have been admitted.

The whole question in the case turned upon the delivery of the deed by Isaac Parsons to the plaintiff. If the deed was delivered by the grantor with the intent and purpose of vesting the title in the grantee, it amounted to a complete transfer of the estate, and no subsequent act could defeat it. A valid deed, once delivered,

has the effect of vesting the title in the grantee, and although it may be afterward destroyed, or come into the possession of the grantor, it will not operate as a revestiture of title. When once delivered it can only be defeated by virtue of some condition contained in the deed itself. Whether there was such a delivery was a fact to be submitted to and determined by the jury. The first instruction given to the jury at the instance of the plaintiff, and numbered two in the series was faulty. It confined the question too much to an isolated fact, proved by a single witness, without paying sufficient regard to other evidence in the case. It is true this was partially remedied by instructions given on the other side, but not wholly so. But as the case will go back, this objection can be obviated on another trial. Whether the deed from Isaac Parsons to his wife Agnes, the defendant in this case, was legal and imparted any title need not be noticed now, as it can not be passed upon in this proceeding. The action was ejectment, and the plaintiff must recover upon the strength of his own title. If he shows the deed valid under which he claims, and that there was a delivery, that at once annihilates the defendant's title. If he fails in this, it is immaterial, so far as this action is concerned, what may be the defendant's estate.

The judgment will be reversed and the cause remanded for a new trial in conformity with this opinion. The other judges concur.