Peter J. Coughlin, Respondent, *v.* Herman A. Haeussler, Executor of John Dillon, Appellant.

1. *Witnesses — Retrial — Evidence of parties preserved in bill of exceptions — Competency of survivor as witness at second trial.* — Where the testimony of both parties, given at the first trial of a cause, is preserved in a bill of exceptions, the minutes of the testimony of either party so recorded may be given in evidence at the second trial, in case of his death in the mean time; consequently the surviving party may then testify, although the counsel for the deceased party refuses to put in evidence the minutes of his former deposition. The object and spirit of the statute (Wagn. Stat. 1372-3, ₰ 1) is to place parties upon an equality, so that one shall not be permitted to testify to transactions cognizant to both, when the other can no longer be heard. But the surviving party should, at his second examination, be interrogated, upon his own side, only upon the points embraced in his former testimony; and if he gave a different version of any of them, his testimony should so far be ruled out. And the burden of showing the agreement between the testimony given at the first and that rendered at the second trial, in order to demonstrate its competency, rests on the party offering himself as a witness.

2. *Evidence — Objections to, etc.* — When objections to evidence are made, the reasons for making them should be distinctly stated, and no other reasons can be urged on error or appeal.

*Appeal from St. Louis Circuit Court.*

*Krum & Patrick*, for appellant.

The deposition of plaintiff cannot be admitted on the theory that the preservation of Dillon's testimony in a bill of exceptions, signed after a former trial, has rendered the deposition competent evidence. It is not claimed or pretended that the testimony given by the plaintiff at the first trial is the same as that contained in his deposition. As a matter of fact it was widely different. Hence, if the court is to go outside of the statute for a theory upon which to admit this deposition, there must be wanting the only reason for enlarging the spirit of the statute. The parties would not stand in the same position ; Dillon testified after having heard the oral testimony of respondent. Had the deposition been read at the first trial, his own evidence might have been materially different from that preserved in the bill of exceptions as having been given by him.

*Bakewell & Farish*, for respondent, relied upon Parsons v. Parsons, 45 Mo. 265, and Stanton v. Ryan, 41 Mo. 510.

BLISS, Judge, delivered the opinion of the court.

There were two trials below, and before the first trial, the plaintiff being a non-resident, his deposition had been taken ; but he was present and testified at the trial, as did also defendant's testator, then living. The testimony of both was preserved in a bill of exceptions. Dillon died before the second trial, and at the trial the court admitted in evidence the deposition of plaintiff, upon the ground that Dillon's former testimony, having been so preserved, might be read. Defendant, however, refused to read it, and assigns for error the admission of the plaintiff's deposition.

Evidence of the former testimony of Dillon was admissible, and the minutes of it, if correct, could have been read. (Parsons v. Parsons, 45 Mo. 265 ; 1 Greenl., § 163 *et seq.*) In that case the plaintiff could have testified, unless the object and spirit of the statute be made to yield to its letter. But if defendant refuses to offer them, may the plaintiff still be a witness? It cannot be

doubted that if both parties had died, and a record of their testimony had been preserved, it might at the second trial have been offered on either side. Is it reasonable to put the plaintiff in a worse condition than his administrator would be in? If he had also died, his former testimony could have been proved as well as that of his opponent, and the only reason why it cannot be now is because he is living and the best evidence is required.

As has been so often stated, the object and spirit of the statute is to place parties upon an equality, so that one party shall not be permitted to testify to transactions cognizant to both, when the other can no longer be heard. This is one of the grounds of objection now made; for the deposition, it is said, may differ from the plaintiff's former testimony, and hence is not met by that of decedent. If the deposition had been given in evidence at the first trial, so as to be met by the opposite party, this objection to its introduction after his death would not lie; but if it covers different points, or materially varies from the testimony that was before given, the objection, if made upon that ground, would have been a sound one. In the present case there could have been no difficulty in determining this matter; but if the party had again appeared upon the witness stand it might have created some embarrassment. Keeping in view, however, the rule here indicated, he should be interrogated upon his own side only upon the points embraced in his former testimony, and if he gave a different version of any of them, his testimony should so far be ruled out. But it is important to determine upon whom the burden should be imposed of showing this agreement or variance. It would seem that it should rest upon the party offering himself as a witness; for being cut off by the letter of the statute, he should show that its spirit would be preserved by receiving his testimony. In other words, he should show the facts that entitled him to be sworn. Having done this, his testimony should be received.

The object of judicial investigation is the truth, and the tendency of modern ruling is, under reasonable rules, to exclude nothing that can throw light upon the transaction. Statutes and rules are interpreted to this end, and it would be in the interest of concealment to shut out upon the second trial the testimony of the

plaintiff, merely because the defendant refuses to offer that of his testator. The ground upon which defendant objected to the deposition was the fact that it related to transactions during the life of Dillon, and not that the foundation before indicated had not been laid. The ground of objection urged was, as we have seen, insufficient; and it has always been held that when objections to evidence are made, the reason for making them should be distinctly stated, and that no other reason can be urged upon error or appeal. (Robinson v. American Ins. Co., 33 Mo. 230.)

The court committed no error in overruling the objection as made, and the judgment will be affirmed. The other judges concur.