BREEDEN'S ADMINISTRATOR, *Plaintiff in Error*, v. FEURT.

**Deceased Witness**; EVIDENCE is admissible to show what testimony was given on a former trial by a witness since deceased, provided the adverse party had an opportunity to cross-examine him.

*Error to Daviess Circuit Court.*—HON. S. A. RICHARDSON, Judge.

REVERSED.

*Hicklin & Saylor* for plaintiff in error.

*Wm. M. Rush, Jr.*, for defendant in error.

HOUGH, J.—This was an action under the statute relating to the claim and delivery of personal property, instituted before a justice of the peace by Margaret J. Breeden to recover possession of a horse claimed by her as her separate property. Joseph R. Breeden, her husband, was joined as a nominal plaintiff. In the trial before the justice the plaintiff recovered judgment, and the defendant appealed to the circuit court. Thereafter the plaintiff, Margaret J. Breeden, died, and the cause was revived in the circuit court in the name of her administrator, Thomas R. Shaw. At the trial in the circuit court the plaintiff Shaw proved by the justice, before whom the cause was originally tried, that Margaret J. Breeden was sworn as a witness and testified on the trial before him; and that the defendant was present in person and by attorney when she testified. Thereupon the plaintiff offered to prove by said

justice what the testimony of said witness was on said trial as to the ownership of the horse sued for. This testimony was rejected by the court, and there was a verdict and judgment for the defendant. The testimony rejected by the court should have been admitted, inasmuch as it appeared that the defendant was present at the trial and had an opportunity to cross-examine the witness. 1 Greenleaf Ev., 163, *et seq; Jaccard v. Anderson*, 37 Mo. 91; *Coughlin v. Haeussler*, 50 Mo. 126; *Parsons v. Parsons*, 45 Mo. 265. The statute which prohibits a party from being a witness when the other party to the cause of action in issue and on trial is dead, has no application to a case like the present. The judgment will be reversed and the cause remanded. All concur.