JOSEPHINE A. CORBY, EXECUTRIX, Respondent, v. JOHN W. WRIGHT, Appellant.

### April 20, 1880.

1. The judge of the United States District Court may, under the statute, attest judicial proceedings of the Circuit Court.

2. Upon a second trial of a cause before the same court, a bill of exceptions duly filed, containing the substance of the testimony given at the first trial by a witness, since deceased, may be used to show what the testimony of this witness was, and when not so used it is not error to exclude the testimony of the judge who presided at the former trial, as to what the deceased witness testified to.

3. Where no testimony of a deceased party to the suit is before the court, testimony of the opposing party is inadmissible.

APPEAL from the St. Louis Circuit Court, THAYER, J.

*Affirmed.*

J. D. JOHNSON, for the appellant: The transcript of the judgment sued on was not properly attested. — Wag. Stats. 598, sect. 51; *Stephenson* v. *Banistor*, 3 Bibb. 369; *Kirkland* v. *Smith*, 2 Mart. 497; *Seltse* v. *Allison*, 8 Geo. 201; *Smith* v. *Bloggs*, 1 Johns. Ch. 238. The court improperly excluded the testimony of the judge who presided at the former trial. — *Coughlin* v. *Haeussler*, 50 Mo. 126; *Mathewson* v. *Sargent*, 36 Vt. 142; *Jaccard* v. *Anderson*, 37 Mo. 94. 1 Greenl. on Ev. (13th ed.), sects. 163–165.

THOROUGHMAN & PIKE, for the respondent: The transcript of the judgment sued on was properly certified. — U. S., Rev. Stats., sects. 605, 609, 612; Wag. Stats. 598, sect. 51. The testimony of Jones and the deposition of Wright were properly excluded. — *Coughlin* v. *Haeussler*, 50 Mo. 126.

BAKEWELL, J., delivered the opinion of the court.

This action is upon a transcript of a judgment of the Circuit Court of the United States for the District of Indiana. The transcript offered in evidence had the certificate of the judge of the District Court of the United States for

the District of Indiana that John W. Howland was clerk of the Circuit Court of the United States for said district, and that his attestation was in due form. It was objected on the trial that this certificate was insufficient.

We think the certificate sufficient. The statute requires (Wag. Stats. 598, sect. 51) that the certificate shall be by "the judge, chief justice, or presiding magistrate of the court." Circuit Courts are held by the justice of the Supreme Court allotted to the circuit, by the circuit judge of the circuit, or by the district judge of the district, or by any two of these judges, and may be held at the same time in different districts of the same circuit. U. S. Stats., sects. 605, 609, 612. The district judge is the judge of the Circuit Court within the meaning of the law. It is not the case of a court composed of several judges, one of whom sitting alone cannot hold court. The Circuit Courts have no "chief justice," nor have they any "presiding magistrate," within the meaning of the law. The fact that the circuit judge of the circuit presides where two judges sit, does not make him "presiding magistrate" of the court, as might be the case if the organization of the court necessitated the presence of at least two judges for the hearing of any cause.

Defendant offered as a witness the judge of the Circuit Court of St. Louis County who presided at the former trial of the cause, for the purpose of showing that at the former trial defendant and plaintiff's testator both testified; that their testimony was preserved in a bill of exceptions, duly filed; and to prove what defendant testified to at the former trial. The evidence was excluded. Defendant then offered a deposition of defendant Wright, taken since the death of the original plaintiff. The deposition was excluded.

If the former testimony of Corby had been read by plaintiff from the bill of exceptions, Wright's testimony would have been competent ( *Coughlin* v. *Haeussler*, 50 Mo. 126) upon the points covered by his former testimony,

and so far as his testimony on both trials was the same; and the burden was on plaintiff, according to the authority of the case just cited, to show this agreement of the former and the present testimony of Wright. If the surviving party were free to testify in all respects as if the other party were alive, this would violate the spirit of the statute (Wag. Stats. 1372, sect. 1), because the testimony of the deceased, in explanation or rebuttal of any new matter, can no longer be had. The bill of exceptions was the best, and therefore the only competent testimony as to what Corby swore to on the former trial. Wright's statement, in his deposition, that his testimony therein was substantially the same as his evidence on the former trial, cannot better the matter, because his deposition itself was not competent until a proper foundation was laid for its introduction, by showing what points were embraced in his former testimony, and that he gave then the same version of them. The former testimony of the witness cannot be read, because he is alive, and it is not, therefore, the best evidence. It is therefore necessary that he should himself testify under the conditions set forth above. Where the testimony is by deposition, there ought to be no difficulty in determining this matter; but we do not think it can be done by examining the judge who signed the bill of exceptions on the former trial. What a deceased witness testified to may be proved by any person who will swear from his own memory, or by notes taken by any person who will swear to their accuracy. 1 Greenl. on Ev., sect. 166. So far as the former testimony of Corby (deceased) goes, it might, under certain circumstances, be perfectly competent to show what was the substance of that testimony, by the judge who presided at the trial; but where there is a second trial of the same cause, between the same parties and in the same court, and a bill of exceptions has been prepared, and has been sealed by the judge and made part of the record, purporting to set forth the material testimony in

the case, that bill must necessarily be the best evidence of what the parties swore to. It is signed by the judge in the discharge of his official duty, and under the sanction of his judicial oath, and must be taken to be accurate and complete; and no reason appears why the judge should be asked, at a later period, to state from memory the substance of testimony as to which he has certified in writing when the matter was fresh in his mind. So far as the testimony of Wright goes, the bill of exceptions was also the proper means of determining how far his present deposition was confined to the same subject-matter, and how far the two statements agree. Anything in the deposition materially varying from his former testimony whilst Corby was alive, was liable to be ruled out, on objection being made in the proper way. *Coughlin* v. *Haeussler*, *supra;* *Jaccard* v. *Anderson*, 37 Mo. 96. The bill of exceptions is to be presumed to contain all the evidence of the witness necessary to be saved for the purpose of the bill. If the purpose of the bill was such that all the evidence of the witness need not be in it, or if, in fact, all the evidence of the witness was not confessedly in the bill, this could be shown; and the testimony of the judge presiding at the trial, or of any competent witness who heard the testimony, and who could speak from memory or from reliable memoranda taken at the time, might be introduced as to the substance of the testimony. But in this case it is not questioned, and there can be no doubt, that the substance of the whole testimony of both Corby and Wright at the former trial was in this bill.

These are the only points upon which appellants rely for a reversal of the judgment. It appears from what has been said that we see no error in the action of the trial court in regard to them.

The judgment must therefore be affirmed, and it is so ordered. Judge Hayden concurs ; Judge Lewis is absent.