Crabtree v. Vanhoozier.

THOMAS CRABTREE, Respondent, v. JOHN VANHOOZIER, Appellant.

53  405
86  624

53    405
98  ¹621

Kansas City Court of Appeals, April 3, 1893.

1. **Evidence**: RULE OF ADMISSION: COMMON FAULT: HARMLESS ERROR. The object of judicial investigation is the truth, and the tendency of ·modern ruling is under reasonable rules to exclude nothing that can throw light upon the transaction. Where appellants invited error in the admission of evidence they cannot complain, and where the error in admitting evidence is harmless, it will not reverse.

2. ———: GENERAL REPUTATION: PRACTICE: EXCEPTION. The admission of evidence of the general reputation of plaintiff for honesty is error where his character is not an issue, yet such error cannot be considered in this case, since the objection as made was too general, and no exception was preserved.

3. **Practice, Appellate**: AFFIRMANCE. Where the instructions are without error, and the judgment is for the right party, it will be affirmed.

*Appeal from the Harrison Circuit Court.*—HON. D. J. HEASTON, Special Judge.

AFFIRMED.

*J. M. Sallee*, for appellant.

(1) The court erred in permitting plaintiff to introduce evidence tending to prove that John Vanhoozier lost his pocketbook and money, or that the plaintiff and Billy Thomas found a pocketbook and money belonging to the defendant. The only question to be determined in this case was whether the plaintiff voluntarily paid to the defendants, or either of them, the $6.75 on a demand of right and after being advised of all the facts, or whether the plaintiff gave the $6.75 to them for identification only, and that the defendants retained the same and refused to give it back. *Wolfe v. Marshall*, 52 Mo. 167; *Claflin v. McDonough*, 33 Mo. 412; *Buchanan v. Sahlein*, 9 Mo. App. 552; *Schell City v. Mfg. Co.*, 39 Mo. App. 265; *Saving Ass'n v. Kehlor*, 7 Mo. App. 158. (2) The court also erred in permitting the plaintiff to prove that the defendant had never demanded of the father of Thomas Crabtree that he make good to the defendant the money that he claimed his son got. The testimony admitted upon a trial must be relevant to the issues submitted to the jury. *Eddy v. Baldwin*, 32 Mo. 369; *Galsen v. Ebert*, 52 Mo. 270; *State v. Jaeger*, 66 Mo. 173; *State ex rel. v. Roberts*, 62 Mo. 388; *Brooks v. Blackwell*, 76 Mo. 309; *Fredrick v. Allgaier*, 88 Mo. 599. (3) The court erred in permitting the plaintiff to offer evidence of his general reputation for honesty and integrity in the neighborhood in which he lived; and in permitting the plaintiff to prove the general reputation of the witness, William Thomas, for honesty and integrity,

when their reputation was not in issue before the jury, and not raised by the pleadings. *Rogers v. Troost's Adm'r*, 51 Mo. 470; *Gutzwiller v. Lackman*, 23 Mo. 168; *Dudley v. McCluer*, 65 Mo. 241; *Engel v. Dressel*, 26 Mo. App. 43; *State v. Thomas*, 78 Mo. 327; *Simpson v. Westenberger*, 28 Kan. 756; *Barton v. Thompson*, 56 Iowa, 571; Notes to case in 41 Am. Rep. 120; *Gebhart v. Burkett*, 57 Ind. 378; *Thompson v. Bowie*, 4 Wall. 423; *Curtis v. Hoadley*, 29 Kan. 569; *Johnson v. Foster*, 32 Kan. 28.

*J. C. Wilson* and *J. W. Peery*, for respondent.

(1) The court did not err in permitting the witnesses to testify to the whole transaction, the loss of the pocketbook by John Vanhoozier, and the finding of it by the plaintiff. It was all a connected transaction, and there certainly could be no error in putting all the facts before the jury. *State v. Earnest*, 70 Mo. 520; *Budd v. Hoffheimer*, 52 Mo. 297; *Coughlin v. Hauessler*, 50 Mo. 126. (2) A party will not be heard to complain of an error to which he consented, and which he adopted. *State v. Stewart*, 90 Mo. 507; *Fairbanks v. Long*, 91 Mo. 628; *Bank v. Armstrong*, 92 Mo. 265; *Jennings v. Railroad*, 99 Mo. 394; *Cole v. Railroad*, 47 Mo. App. 624; *Bailey v. Ormsby*, 3 Mo. 580. (3) We maintain that under the circumstances, when the witness had sworn that he had started to see the plaintiff's father about the loss of this money, it was proper cross-examination to ask him if he had in fact ever demanded the money of the father. And at all events we pass by as idle the suggestion that, in the face of the statute (Revised Statutes, 2303) and the decisions of the appellate courts thereunder, this court would reverse any judgment of any court for the error mentioned. (4) We assume that it is unnecessary in this

court to cite the long line of cases in this state to the effect that the action of the trial court in admitting and rejecting testimony must be specifically objected to at the time and exception taken to the ruling of the court thereon, otherwise the appellate court cannot consider it. The following are types of this line of authorities: *Keim v. Railroad,* 90 Mo. 314; *Griffith v. Hawks,* 91 Mo. 109; *Peck v. Chouteau,* 91 Mo. 138; *Springfield v. Ford,* 40 Mo. App. 586; *Gorham v. Railroad,* 20 S. W. Rep. 1060.

GILL, J.—This action originated before a justice of the peace, and was for the recovery of $6.75. In the justice's court there was a finding and judgment for plaintiff, and the cause was taken by appeal to the circuit court, where the plaintiff again succeeded, and defendants appealed.

Plaintiff's claim was based on the following state of facts as appears by his testimony: It seems that defendant, John Vanhoozier, lost a pocketbook which the plaintiff found; that the defendants insisted that the pocketbook contained a sum of $20 or more; that the plaintiff only found a $1 bill with the book when he found it; that in a day or two after the finding of the pocketbook the two defendants accused plaintiff of having secreted the balance of the money, and demanded that he pay it over to them; that, during the interview and while the plaintiff was protesting his innocence of the charge, they asked him if he had any money, and that he thereupon took from his pocket all the money he had, $6,75, and handed it to them and asked them if that was part of the money they had lost, or if it looked like the money they had lost; that he did this solely for them to inspect the money and see if they could identify it; that the defendant Ganum handed the money to the defendant

·John, who put it in his pocket; that plaintiff demanded it back then and there and had repeatedly so demanded ꞏit up to the time of the trial.

The plaintiff says: "He asked me if I had any ꞏmoney. I told him yes, I had some money. He asked me to let him see it. I showed it to him—the money— ·a $5 bill — and asked him if that looked like the money he lost. I handed him the money. He took it in his hands and looked at it. He said, ' No, I never seen that money before.' He handed it to Ganum. He says: 'Have you got any more money?' I said, 'yes, ·$1.75.' He said: 'Let's see it.' He handed it to John. John put it in his pocket. I told him I wanted the money back; I didn't get his money. *When I handed the money to him, I didn't intend for him to keep ꞏit; just to see if that looked like his money he had lost. I ·didn't intend for him to keep the $1.75 either.* He never gave it back to me. I asked for it two or three times."

The defense was that plaintiff on being accused of having the money voluntarily and to avoid exposure and ·expense of litigation paid over the $6.75. Covering the ꞏ respective theories of the parties, the trial court instructed the jury as follows: "1. The court instructs the jury that if they believe from the evidence that plaintiff gave or delivered to the defendants, John and Ganum Vanhoozier, or either of them, the sum of $6.75 for the purpose only of identification or to examine, to determine whether the same was the money lost by the defendant, John Vanhoozier, and that the defendants or either of them thereupon retained said money, and have refused to repay or return the same to plaintiff, then the jury will find. for the plaintiff in the sum of $6.75."

" 6. The court further instructs the jury that it is not necessary in this case that they should believe from the evidence that plaintiff found money lost by the

defendant, John Vanhoozier; but if the jury should believe from the evidence that, upon being charged by defendants with finding money of the defendants, and, with a full knowledge of all the facts, the plaintiff voluntarily paid to the defendants, or either of them, to avoid expense of further litigation the sum of $6.75, then the jury should find for the defendants.

"7. If the jury believe from the evidence that defendant, John Vanhoozier, lost his pocketbook and money to the amount of $6.75, and that the plaintiff found the same, or if the jury believe from the evidence that the plaintiff, on being accused of finding said money, voluntarily paid to defendants, or either of them, the sum of $6.75 upon their demand or claim of right, then the jury should find for the defendants."

I. The first, second, third and fifth assignment of errors relate to the admission or rejection of certain evidence. We have examined these several complaints and find in them nothing that will justify a reversal.

In the investigation of the merits of the controversy we discover no substantial reason to condemn the court's action in permitting the witnesses to relate the details of the loss of the money by Vanhoozier, the finding thereof by the plaintiff, etc. These matters had perhaps some tendency to throw light on the matter in suit, as said by Judge BLISS in *Coughlin v. Hauessler*, 50 Mo. 128: "The object of judicial investigation is the truth, and the tendency of modern ruling is, under reasonable rules, to exclude nothing that can throw light upon the transaction," etc. But however this may be the defendants themselves went into this very matter with as much or more particularity than did the plaintiff. If then there was error, the defendants equally with the plaintiff invited its commission and they cannot complain.

Crabtree v. Vanhoozier.

As to the question asked of one of the defendants, whether or not he ever demanded of plaintiff's father a restitution of the money alleged to have been found by the son, it may be conceded to have been irrelevant and improper, and yet is not of sufficient importance to warrant the court in reversing the judgment. It could not have done any injury to the defense. It was at most an error quite harmless.

It appears further that at the trial the plaintiff introduced evidence as to his general reputation for honesty and integrity in the neighborhood where he lived. If this matter was here in proper shape for our review, we should disapprove the action of the court in admitting such testimony, since the character of the plaintiff was not directly in issue. But we are not called upon to review this matter since the record fails to show that defendants saved an exception to the court's ruling. The abstract reads simply, "Defense objects." No specific objection was interposed, nor did the defendants except to the court's ruling.

So we might say that, after a close examination of all these and other matters relating to the testimony, there appears nothing in any of them to warrant a disturbance of the judgment of the lower court.

As to the instructions we are of the opinion that they fully and fairly submitted every issue, and on that account no substantial error appears.

The facts as found by the jury warrant us in declaring that the judgment appears for the right party, and will therefore be affirmed. All concur.