## JOSEPH MORRIS, Respondent, v. NANCY C. PARRY, Appellant.

### Kansas City Court of Appeals, February 27, 1905.

1. **EQUITY: Perpetuation of Testimony: Statute: Common Law.** A petition seeking to the establishment as evidence in a pending dower action of a certain deposition of a deceased person, given in an action between others, is held not to be a proceeding within the statute for the perpetuation of testimony, nor in equity, since any remedy legal or equitable having for its object the perpetuation of testimony is confined to the testimony of witnesses in being; and said petition set out in the opinion does not state a cause of action.

2. ————: **Aiding Law: Invading Legal Rights: Evidence.** However farreaching and puissant the arm of equity, it only sup-

plements and aids the law but does not invade its domain and never works to the destruction of legal rights or in opposition thereto; and will not attempt to force the admission of incompetent testimony at the trial of a dower suit.

3. **EVIDENCE: Hearsay: Cross-Examination.** The vital and determinative reason for rejecting hearsay testimony is the desirability of testing all testimonial assertions by oath and by cross-examination, but while a party is only entitled to a fair opportunity for cross-examination, yet in the case presented in the petition considered it cannot be held that the same motive existed for cross-examination, in an action by a defendant party against plaintiff when she was under coverture that exists in a pending action brought by her against a different person to establish her dower.

4. **EQUITY: Laches: Perpetuation of Testimony.** A lapse of ten years after the intention of the plaintiff to assert dower in certain lands in event she survived her husband became known without any steps to establish his title or bar the inchoate dower right or perpetuate testimony establishing his title, constitutes laches and the claim becomes too stale to afford equity in claimant's favor.

Appeal from Barton Circuit Court.—*Hon. R. J. Tucker,* Special Judge.

REVERSED.

*Wright Bros. & Blair* and *Ragsdale Bros.* for appellant.

(1) This suit is not brought under sections 4525, 4542, Revised Statutes 1899. (2) There is nothing in the case justifying the conclusion that this proceeding is designed to meet the requirements of sections 4565, 4571, Revised Statutes 1899. (3) This is not a bill to perpetuate testimony. 1 Greenleaf on Ev., sec. 325; 3 Greenleaf on Ev., sec. 325; 16 Ency. of Plead. and Prac., 353-359; 2 Story's Eq. Jur., secs. 1505-1508; 1 Chitty, Gen'l Prac. (2 Am. Ed.), sec. 733; Adams, Eq. (7 Am. Ed.), sec. 23; 2 Burrill's Law Dict.; 1 Bouvier's Law Dict.; 1 Pomeroy's Eq., secs. 82, 211, 212, 215; Bispham's Eq. (3 Ed.), sec. 573. (4) This cannot be

regarded as a proceeding *de bene esse.* 2 Story's Eq. Jur., secs. 1513-1516; Adams' Eq., sec. 24; 1 Pomeroy's Eq., secs. 25, 215; Bispham's Eq. (3 Ed.), secs. 35, 567. (5) Equity has no jurisdiction where there is an adequate remedy at law. Cable v. Ins. Co., 191 U. S. 288, 24 Sup. Ct. 74. (6) Courts of equity will not entertain a bill whose sole purpose is to secure a decree that a court of law in a pending case shall rule a certain way on a mere question of the admissibility of evidence.

*Thurman, Wray & Timmonds* for respondent.

(1) The fact that no precedent can be found for granting relief, under circumstances similar to the case at bar, is no reason for refusing the relief. Courts of equity were created for the purpose of furnishing a remedy where a right exists, without which there would be a failure of justice. Railroad v. Pennsylvania Co., 19 L. R. A. 395; Joy v. St. Louis, 138 U. S. (33 L. Ed.) 843; Gavin v. Curtin, 171 Ill. 640, 40 L. R. A. 776; Dodge v. Cole, 97 Ill. 338, 37 Am. Rep. 122; Joy v. St. Louis, 138 U. S. (34 L. Ed.) 843; Bispham's Equity (3 Ed.), 53. (2) Equity will devise a remedy to meet each new emergency, and will enforce that remedy if the ends of justice require it. It is for such exigencies that a court of equity exists. Guarantee Co. v. Hambleton, 84 Md. 456, 40 L. R. A. 216. (3) This evidence must be regarded as competent upon the principle of *ex necessitate rei.* Under the allegations in the bill, it is necessary to prevent claims which are a fraud upon property-owners. Moeckel v. Heim, 134 Mo. 576. (4) Courts of equity were established to furnish remedies in cases wherein the law, on account of its universality, is deficient. 1 Story's Eq. (12 Ed.), sec. 3. (5) One of the ancient jurisdictions of a court of equity was to perpetuate testimony. 2 Story's Eq. Juris., sec. 1513, note 3; Adam's Eq., p. 23, chap. 2; 3 Blackstone, Com., 438. (6) Courts of law have no authority to perpetuate

testimony, but courts of equity are constantly exercising such jurisdiction. 2 Story's Eq. Juris., sec. 1514.

JOHNSON, J.—This is a suit in equity begun in the circuit court of Barton county. Defendant demurred to the petition on two grounds—no cause of action and lack of jurisdiction over the subject-matter. The demurrer was overruled, whereupon defendant declined to plead further and a decree was entered granting the relief prayed for. The correctness of this action of the court is before us for review on defendant's appeal.

The facts constituting the alleged cause of action are contained in averments copied from the petition as follows:

"That this defendant, on the ninth day of September, 1903, filed her petition in this court, alleging in said petition that she is entitled to a dower interest in ten feet off of the east end of sixty feet off of the south end of lot one, in block twelve of the original town, now city of Lamar, Missouri, alleging in her said petition that she is entitled to such dower interest as the widow of Joseph C. Parry, deceased, who was seized of an estate in fee in said real estate during his lifetime. The plaintiff herein, as defendant in the suit, denied the alleged right of the said Nancy C. Parry to dower in said real estate, and said cause of action is now pending in this court for determination. Plaintiff further states that the said Joseph C. Parry, being the owner of the land hereinafter described, on or about the first day of December, 1856, joined by his then wife, Josephine Parry, by good and sufficient warranty deed, conveyed to Barton county, Missouri, as a place for the county seat of said county the southwest quarter of the northwest quarter and the west half of the west half of the southeast quarter of the northwest quarter of section 30, township 32, of range 30, Barton county, Missouri, which first-described land is included in the land last

hereinbefore described, and which said deed, so made and executed by said Joseph C. Parry and his then wife, Josephine Parry, was, in due form of law, acknowledged and all dower interest therein released; that said deed, so made, executed and delivered to Barton county, was, on the — day of ——, 1856, duly filed for record and recorded in the office of the recorder of deeds within and for Barton county, Missouri, and then became an important link in the record title to the last above-described real estate; that afterwards, to-wit: On the — day of ——, 1857, said real estate so conveyed to Barton county for county seat purposes was selected as the permanent county seat of the said county, and the town of Lamar duly laid off on said tract of land into lots . . . and a plat thereof duly made and approved. Plaintiff herein further states that, during and by reason of the late War of the Rebellion, the said deed from the said Joseph C. Parry and his then wife, Josephine Parry, to Barton county, and the record thereof, the plat of the town and the record thereof, together with a great number of records, were completely lost and destroyed at the time the public courthouse, in which said records were kept, was destroyed by fire. Plaintiff avers the fact to be that he holds title to the said real estate described as ten feet off of the east end of sixty feet off of the south end of lot 1, block 12, of the original town, now city, of Lamar, Missouri, by mesne conveyance from Barton county, to whom the said Joseph C. Parry and his then wife, Josephine Parry, made said conveyance as aforesaid; that after the execution of said deed by Joseph C. Parry and his then wife, Josephine Parry, the said Josephine Parry departed this life, and the said Joseph C. Parry, on the — day of ——, 186—, was married to this defendant, Nancy C. Parry. Plaintiff further states that the loss of said deed, and the record thereof, to Barton county, so made by the said Joseph C. Parry and his then wife, Josephine Parry, became known, and

the said Joseph C. Parry, for the purpose of supplying said lost deed, on the — day of ——, 18—, made and executed another deed in lieu thereof, but the said Nancy C. Parry refused to join in said last-mentioned deed, and made known the fact that she would claim an interest in the last above-described land if she survived her husband, Joseph C. Parry. And afterwards, on or about the — day of January, 1894, one R. P. Smith, who at that time owned a part of the said southwest quarter of the northwest quarter and the west half of the west half of the southeast quarter of the northwest quarter of said section 30, township 32, of range 30, Barton county, Missouri, instituted suit against this defendant, Nancy C. Parry, and her husband, Joseph C. Parry, who was then living, for the purpose of establishing and making record of said deed from said Joseph C. Parry and his then wife, Josephine Parry, to said Barton county, and to establish, perpetuate and make a matter of public record such evidence as the plaintiff in that cause, to-wit, R. P. Smith, might produce. Plaintiff further states that the said R. P. Smith, to establish his said cause of action against the said Joseph C. Parry and Nancy C. Parry, and to perpetuate and make a matter of public record testimony establishing the existence of said deed so made by Josephine Parry and Joseph C. Parry, and the real estate so conveyed to Barton county, Missouri, for county-seat purposes, took the deposition of one John H. Winkle, after due notice to said Joseph C. Parry and Nancy C. Parry this defendant, which said deposition, after being taken in due form of law, was filed in said cause of R. P. Smith v. Joseph C. Parry and Nancy C. Parry in the circuit court of Barton county, Missouri, where the same has ever since been preserved among the records of this court, as taken; that, at the time of the taking of said deposition, the said John H. Winkle was over seventy years of age and in a weak and feeble condition; that the said John H. Winkle, in his said deposi-

tion so taken, testified to state of facts showing the
execution, acknowledgment and delivery of said war-
ranty deed from said Joseph C. Parry and his then
wife, Josephine Parry; that since the taking of said
deposition, the said John H. Winkle has departed this
life, and, owing to the great number of years which
have elapsed since the execution of the said deed from
said Joseph C. Parry and his then wife, Josephine
Parry, and the destruction of the records as aforesaid,
it is impossible to establish the facts concerning the ex-
ecution of said deed by reason of the fact that all per-
sons known to this plaintiff who had personal knowl-
edge of the execution and delivery of said deed, have
since departed this life.   Plaintiff further states that
the said Joseph C. Parry and Nancy C. Parry, well
knowing of the existence of such conditions, made a
quitclaim deed to the said R. P. Smith in and to the
land owned by him and described in his said petition,
in the original town, now city, of Lamar, Missouri, and
a part of the tract of real estate so conveyed by said
Joseph C. Parry and his former wife, Josephine Parry,
to Barton county, for county-seat purposes, before the
suit of R. P. Smith was heard and determined, and the
testimony of the said John H. Winkle was perpetuated
in the manner provided by law, and executed to the said
R. P. Smith a quitclaim deed disclaiming any interest
in the said real estate described in his petition; and
thereby compelled him to dismiss said suit.   Plaintiff
avers the fact to be that the said Joseph C. Parry and
Nancy C. Parry, this defendant, so made, executed and
delivered this quitclaim deed to the said R. P. Smith
for the purpose of depriving all other persons owning
land within the fifty-acre tract conveyed by said Joseph
C. Parry and Josephine Parry to Barton county for
county-seat purposes, from having the benefits of the
testimony of the said John H. Winkle, so taken upon
due notice as aforesaid, and this plaintiff is now de-
prived of the use of said evidence by such action on

the part of said Joseph C. Parry and Nancy C. Parry. Plaintiff avers the fact to be that, in equity and good conscience, he should be permitted to use the testimony of the said John H. Winkle as taken upon due notice as aforesaid and on file in the office of the clerk of this court in the said cause of R. P. Smith v. Joseph C. Parry and Nancy C. Parry for the purpose of establishing to the real estate as aforesaid, and for the purpose of establishing the fact that the said Nancy C. Parry is not entitled to dower interest in said real estate, as claimed in her said petition in her said suit against this plaintiff; that this plaintiff is wholly without remedy at law and invokes the aid of this court of equity to establish and perpetuate the testimony of the said John H. Winkle so taken as aforesaid."

The relief granted by the court under this strange petition is contained in the following portion of the decree, "that the testimony of John H. Winkle incorporated in the deposition of said John H. Winkle on file in the office of the clerk of the circuit court of Barton county in the case of R. P. Smith against Joseph C. Parry and Nancy C. Parry, defendants, be and the same *is hereby established and perpetuated* as and for the testimony of the said John H. Winkle for the purpose of establishing the existence of said deed of said Joseph C. Parry and Josephine Parry to Barton county . . . and in all suits by Nancy C. Parry having for the purpose the establishment of a right of dower in her as the widow of Joseph C. Parry in and to said real estate against all persons whomsoever the same is hereby decreed to be competent testimony." A certified copy of the decree was ordered to be filed and recorded in the office of the recorder of deeds.

This proceeding does not fall within the purview of statutory law—Revised Statutes, sections 4525-4542 and 4565-4571—nor is the remedy sought one known to equity jurisprudence. Every remedy, legal or equitable, having for its object the perpetuation of testi-

mony, is confined to the testimony of witnesses in being. [1 Greenleaf on Ev., sec. 325; 3 Greenleaf on Ev., sec. 325; Story's Eq. Juris., secs. 1505-1508; Bispham's Prin. of Eq., secs. 535, 567 and 573; Adams's Eq., sec. 24.]

Respondent, freely conceding that no precedent exists in support of his novel claim, invokes the aid of the general power inherent in equity to provide a remedy where one is lacking for the protection of a right under the maxim, "equity will not suffer a right to be without a remedy." It is true, as urged: "Every just order or rule known to equity courts was born of some emergency to meet some new condition and was, therefore, in its time without precedent." And "the powers of a court of equity are as vast and its processes and procedure as elastic as all the changing emergencies of increasingly complex business relations and the protection of rights can demand." But however far-reaching and puissant the arm of equity may be, it has its sphere of operation to which it is confined. It supplements and aids the law, does not invade its domain and never works for the destruction of legal right nor in opposition thereto. "Equity will not give a remedy in direct contravention of a positive rule of law." [Bispham's Princ. of Eq., sec. 37; Story's Eq. Juris., sec. 12.]

What is the real aim and object of this proceeding? Stripped of verbal embellishments and reduced to naked fact, it is an attempt to force the admission of incompetent testimony at the trial of the dower suit. That the evidence is incompetent is confessed and urged as a ground for equitable relief. If competent, there is abundant authority in this State justifying its admission without the aid of equity. [Breeden v. Feurt, 70 Mo. 624; Davis v. Kline, 96 Mo. 401; Coughlin v. Haeussler, 50 Mo. 126; Parsons v. Parsons, 45 Mo. 265; Building Assn. v. Kleinhoffer, 40 Mo. App. 399.] The decree in this case presents the anomaly of a court

sitting as a chancellor making an order upon himself as trial judge to admit as evidence in an action pending before him in the latter capacity, the deposition of a deceased witness taken in another cause clearly incompetent under elementary principles of law, for this is all the decree amounts to. The attempt to establish the deposition as a sort of muniment of title manifestly is such an excess in this action to which plaintiff and defendant are the sole parties that it does not call for serious consideration.

The testimony of the witness, now deceased, taken in the form of a deposition over ten years ago in the suit of Smith against the defendant herein and her husband, is incompetent as evidence in the pending dower suit brought by defendant against plaintiff, for the reason that it is hearsay. It is true, the question of title involved in the pending cause is the same as in Smith against this defendant, but the parties are different and there is no privity between the plaintiff in the last-mentioned action and the defendant in the one pending. The land involved in the two suits also is different. Defendant herein was at the time of the pendency of the Smith action under coverture, and possibly may have acted under some restraint imposed by her husband. It is not shown she appeared and cross-examined the witness. For various reasons she may not have cared to do so, nor to contest Smith's claim, knowing that at law the effect of her conduct in that suit would not impair nor affect her right of dower to other lands owned by other persons. It is immaterial, however, to her right in the pending dower action whether or not, having opportunity to do so, she appeared and cross-examined the witness. The respect in which she is deprived of her legal right, if the decree herein is sustained, is that her title will be assailed by the testimony of a witness without a fair opportunity being given her to confront and cross-examine him. Without such opportunity the witness's testimony as to the issues in

the pending suit is *ex parte,* possessed of no greater probative dignity and force than a mere affidavit.

Greenleaf states the rule applicable as follows: "The truth seems to be that, among the preceding reasons for rejecting hearsay assertions, the vital and determinative one is that stated at the beginning of this section, namely, the desirability of testing all testimonial assertions by the oath *and by cross-examinations.*" [Section 99a.] The same author also says, section 163, "the hearsay rule imposes—cross-examination and confrontation." And further on in the same section, discussing the very subject here under consideration: "As to the *parties,* all that is essential is that the present opponent should have had a fair opportunity of cross-examination, consequently a change of parties which does not affect such a loss does not prevent the use of such testimony—as, for example, a change by which one of the opponents is omitted, or by which a merely nominal party is added. And the principle also admits the testimony where the parties, though not the same, *are so privy in interest*—as where one was an executor or perhaps a grantor *that the same motive* and need for cross-examination existed." The application is apparent. It cannot be said, as a matter of law, the same motive existed for cross-examination in the former action as now exists; nor that, there being no privity, the dower claimant was under legal obligation to anticipate that the testimony of a witness taken in a case about which she may have cared nothing, or which she may have been influenced by her husband not to contest, would be raised in the future to the dignity of a muniment of title to destroy her right of dower even against parties who were strangers to that proceeding.

But even if the remedy invoked is one a court of equity may enforce, the plaintiff has come under the ban of the rule laid down in the maxim: "*vigilantibus, non dormientibus, aequitas subvenit.*" According to the allegations of the petition, many years ago the de-

fendant refused to relinquish her claim of dower in the tract of land which included the lot now in controversy, and announced her determination to hold her said right and to assert it in the event it became absolute. Her attitude became a matter of general knowledge in the community. In 1894, more than ten years ago, Smith, doubtless uneasy over the possibility of such claim being enforced against him, brought suit to establish his title. From these facts it is apparent the plaintiff and his predecessors in interest knew for many years of the claim hanging over them. During all that time the courts were open to him and the evidence available with which to establish his title and effectually bar defendant of her dower claim. Instead of bringing timely action for this purpose in a court of law, or of taking steps to perpetuate testimony, plaintiff slept upon his rights, watched his witnesses die off, wagered upon the race of life between defendant and her husband, and lost. His claim is too stale to afford any equity in his favor.

It follows that the petition does not state a cause of action. The judgment is reversed and the petition dismissed. All concur.