**FIRST NATIONAL BANK OF ST. PETERSBURG, Florida, Executor of the Estate of David E. Holt, Appellant,**

v.

**I. N. SWITZER, Appellant, and Macon-Atlanta State Bank, a corporation, Respondent.**

Nos. 22187, 22188.

Kansas City Court of Appeals.

Missouri.

April 4, 1955.

Lamb & Semple, Arthur O'Keefe, Moberly, for First Nat. Bank of St. Petersburg, Florida.

Hess & Collins, Macon, for respondent.

MAUGHMER, Special Judge.

The First National Bank of St. Petersburg, Florida, as Executor of the Estate of David E. Holt, deceased, was plaintiff below and appellant here. The jury verdict was for the defendant, Macon-Atlanta State Bank, but against the defendant I. N. Switzer, in the amount of $5,317.53. Judgment was entered in accordance with the verdict. The defendant Switzer is listed as an appellant. He filed notice of, but never perfected his appeal. The sole error alleged by the Florida Bank, as appellant, is the giving of Instruction No. 4, which withdrew three depositions read in evidence, from consideration of the jury insofar as respondent Macon Bank was concerned.

David E. Holt died testate July 11, 1950, in Randolph County, Missouri. Letters testamentary were issued to the Florida Bank as his executor. For many years prior to May, 1950, Mr. Holt resided in St. Petersburg, Florida. In May, 1950, in company with his nephew, the defendant I. N. Switzer, Mr. Holt traveled to Missouri, where he lived in the home of his nephew during the last weeks of his life.

On July 5, 1950, the St. Petersburg Federal Savings and Loan Association received a withdrawal slip signed "David E. Holt" requesting withdrawal of $5,320.03. David E. Holt had that amount on deposit. The loan company issued its check in the sum of $5,320.03, drawn on the Florida Bank, appellant herein, payable to David E. Holt, and mailed the same to Mr. Holt, in care of defendant Switzer, as requested. Thereafter, on July 8, 1950, this check was presented to respondent, Macon Bank, by Switzer, for deposit to his account. The check purported to bear the endorsements of David E. Holt and I. N. Switzer. The Macon Bank mailed the check direct to the Florida Bank, which, on July 11, 1950, re-

turned its draft for $5,317.23 (retaining $2.80 as a collection charge). This sum was duly credited to Switzer's account.

On June 8, 1951, the Florida Bank filed its first petition. Therein Switzer was the only named defendant. It was charged that Switzer in May, 1950, became the fiduciary agent of David E. Holt, that he "came into possession of in excess of five thousand dollars of his monies"; that he refused to account for it, and prayed for an accounting and for "such other relief as may seem just and proper". On November 10, 1952, the Florida Bank filed its third amended petition. In this pleading the Macon Bank was joined for the first time as a defendant, and for the first time a cause of action bottomed upon an alleged forged endorsement of the name of David E. Holt was declared.

In the meantime and on November 19, 1951, the Florida Bank, as plaintiff, had taken the depositions of three persons. The respondent, Macon Bank, received no notice of the taking of these depositions. It was not present at their taking, in person or by counsel. The Macon Bank was not then, nor did it become until almost one year later a party to the suit. The three persons whose depositions were taken included Ilonka Somp, Secretary, Building and Loan Company; Edwin H. Branson, Assistant Cashier, and Thomas T. Dunn, Vice President and Trust Officer of the First National Bank of St. Petersburg, Florida. By their testimony, signature cards of David E. Holt, resting among the official records of the Florida Bank and the Loan Company, were identified and received in evidence. Likewise, other withdrawal slips, other checks, and letters purporting to bear the true signature of David E. Holt, were identified and received. The witness Dunn expressed the opinion that the signature, David E. Holt, appearing on the check and withdrawal slip involved here, were not his signatures. All three of the depositions were read in evidence at the trial, over the objections of the Macon Bank.

At the close of the testimony the trial court gave Instruction No. 4, which, as pertinent here, reads as follows: "The Court instructs the jury that the depositions of Ilonka Somp, Edwin H. Branson, and Thomas T. Dunn, were read in evidence by the plaintiff. You are instructed that at the time the depositions of these witnesses were taken the defendant Macon-Atlanta State Bank was not a party to this cause, and therefore you may not consider such evidence in determining the liability of said bank to the Plaintiff."

Forty-eight years ago, Judge Lamm in Hendricks v. Calloway, 211 Mo. 536, 558–559, 111 S.W. 60, 66, summarily ruled the question with this statement: "The depositions of defendants William J. Calloway, William F. Hendricks and W. F. McDaniel were taken before Mary J. and Josephus Calloway and Stephen McPherson were made parties defendant. Before the trial, said defendants filed a motion to suppress said depositions as to them, because taken before they were parties to the action. Neither of them was present at the taking of the depositions, or had any notice of or connection with the taking. This motion was overruled—we cannot understand why. It ought to require no citation of authority to sustain the proposition that a deposition cannot be read against one not a party to a suit at the time it was taken. As to such party there is no suit pending."

The rule as announced by Judge Lamm has undoubtedly been eased since that opinion. It is today clear that an amendment as to the title or pleading which does not substantially affect the issues will not render a deposition previously taken inadmissible. However, depositions proving a matter not in the pleadings cannot, over objection, be read to support pleadings afterwards filed, setting up such matter. Nor can a deposition taken at a time when a person is not a party to the action be used against him, after he has been made a party, unless he is in privity with him who was already a party. 26 C.J.S., Depositions, § 95, p. 938.

Appellant relies strongly on Bartlett v. Kansas City Public Service Co., 349 Mo. 13, 160 S.W.2d 740, 142 A.L.R. 666. In this

692

case the defendant used two witnesses in a suit brought against it by respondent for loss of his wife's services, resulting from personal injuries she had sustained through defendant's negligence. Thereafter, in a suit instituted by the wife against the same defendant for her damages for the same injuries the defendant used a transcript of the testimony of the two witnesses at the former trial, they being absent from the state. It was held that this was proper, although the measure of damages to the party plaintiff in the two suits were different because: There was an identity of substantive interest in the two plaintiffs; the identity of adversary interest between the respective plaintiffs and the defendant; both parties had the same counsel, and that counsel had opportunity to cross-examine the two witnesses in the former suit.

In the Bartlett case [349 Mo. 13, 160 S.W.2d 743], our Supreme Court clarifies and applies the rule, declaring: "The sole possible objection is that the witness is not subject to cross-examination. Where the former proceeding is between the same parties involved in the subsequent case and the same issues are litigated, this objection too is not tenable. For the party opponent has had sufficient opportunity to cross-examine at the time the testimony was first given. Thus it is generally, though conditionally, recognized that under such circumstances, if at the time of the second trial the witness is unavailable, his testimony may be read in evidence. Breeden's Administrator v. Feurt, 70 Mo. 624; Borders v. Barber, 81 Mo. 636; Vessels v. Kansas City Light & Power Co., Mo.Sup., 219 S.W. 80; Drake .v. Kansas City Public Service Co., 333 Mo. 520, 63 S.W.2d 75."

"This rule does not apply, however, if the issues litigated in the former proceeding are wholly dissimilar from those litigated on the subsequent trial." Continuing with the Bartlett case opinion, and on page 745 of 160 S.W.2d, the court said: "In the instant case there was not only clearly an identity of issues but there was a complete identity of interest between Mr. Bartlett and his wife * . * . * Both were represented by the same counsel."

In our particular case, at the time the depositions were taken the parties were not the same, nor were the issues the same. The pleadings on file at the time the depositions were taken contained no suggestion of a cause of action based on alleged forged endorsements, even against Switzer, who was the only defendant named at that time. While precise identity of parties and issues is not required, both must be substantially the same, else the right of cross-examination has been completely lost. The trial court did not commit error in giving Instruction No. 4, withdrawing the evidence adduced in the three depositions from consideration of the jury, as to the respondent Macon Bank.

The judgment is affirmed.

WEIGHTMAN, Special Judge, and BROADDUS, J., concur.