Bates v. Bates.

ELLA BATES, Respondent, v. D. D. BATES, Appellant.

St. Louis Court of Appeals, April 15, 1902.

1. **Replevin Suit:** DEPOSITION IN ANOTHER SUIT: ADMISSIBLE, WHEN.  A suit of replevin by respondent, a widow, against the administrator of her husband's estate, to recover possession of a promissory note alleged to have been assigned to respondent by her husband shortly before his death; a deposition of the husband's attorney in a suit by the daughter of respondent against the same defendant to recover another note alleged to have been assigned to the daughter by the deceased, her father, was admitted; the witness whose deposition was taken, was not cross-examined for there was no reason to do so, the parties in the two cases, and the issues were different:    Held, that the evidence in the deposition was palpably incompetent and constituted prejudicial error.

2. ———: ———: ———.  A deposition is sometimes admissible in evidence in a suit other than the one it was taken in, when the suit in which it is offered is between the same parties, or parties claiming in privity with them—provided the testimony is relevant to the issues being tried and the party against whom it is offered had an opportunity to cross-examine the witness.

Appeal from Howell Circuit Court.—*Hon. William N. Evans,* Judge.

REVERSED AND REMANDED.

*A. H. Livingston* and *Harris & Norman* for appellant.

(1)    The admission of the deposition of J. M. Hoover, taken in another and distinct cause of action and between different parties, was clearly error, and no authority can be found supporting the action of the court.    Borders v. Barber,

81 Mo. 636; Leslie v. Rich Hill, 110 Mo. 31; Cass Plow
Works v. Ross, 74 Mo. App. 437. (2) Where depositions
are taken in a case, they may be read in a subsequent action
between the same parties and where the same issues are in-
volved. Tyndall v. Johnson, 4 Mo. 113; Allen v. Chouteau,
102 Mo. 308; Lohman v. Stocke, 94 Mo. 672. (3) But
where it is sought to use such depositions, the depositions must
be filed in the case in which they are intended to be used, or
due notice must be given of their intended use. Samuel v.
Withers, 16 Mo. 532; Cabanna v. Walker, 31 Mo. 274.

*J. C. Sheppard* and *E. P. Dorris* for appellee.

(1) It will be observed that the deposition of J. M.
Hoover, objected to, was taken in a case between the same
parties, at the same time as the deposition of the same witness
taken on the part of defendant, and read in evidence by de-
fendant, and about the same identical matter and conversation,
and involving the same identical issues. "It is a well-settled
principle that depositions taken in one case may be read in
another suit between the same parties concerning the same
subject-matter." Allen v. Chouteau, 102 Mo. 309. (2) A
complete mutuality of all the parties is not required. 1
Greenl. Ev. (15 Ed.), sec. 553. The cases are so numerous
on this point, we refrain from citing others. It certainly
could not be reversible error in view of the fact that every
fact testified to in the deposition was proven by other wit-
nesses in the case, whose competency was not questioned, and
especially so, when all these facts were proven by defendant's
own witnesses. Farrell v. Ins. Co., 66 Mo. App. 153; Pric-
kett v. Anchor Line, 13 Mo. App. 436; Miller v. Miller, 14
Mo. App. 418; Bradford v. Pearson, 12 Mo. 71; State v.
Kring, 74 Mo. 612.

GOODE, J.—Respondent is the widow of Albert G.
Bates, deceased, and appellant the administrator of his estate,

while the action is replevin to recover possession of a promissory note for twenty-six hundred dollars on George Neal, claimed to have been assigned and delivered to the respondent by her husband a short time before his death.

There is another suit pending between Della Bates, a daughter of the respondent and the deceased and the defendant as administrator, wherein said daughter seeks to recover a note for one thousand dollars on a man named Culp, claimed to have been assigned to her by her father at the same time the assignment of the note in controversy in this case was made to her mother.

On the trial of the present action, the respondent's counsel offered in evidence the deposition of J. M. Hoover, taken in the case of Della Bates v. D. D. Bates. Hoover, who is dead now, was an attorney and drew the will of Albert G. Bates, and at the time of the preparation of the will had a conversation with the testator which was repeated in said deposition, in substance as follows:

"Q. State whether at that time you had a conversation with him in regard to disposing of his property not named in the will, and if so, what did A. G. Bates say to you? A. I did. After I had read over to him what he had willed in the will, I asked him if that was all the property he had; he said, 'No, I want to keep some back for the old man.' I told him he had all the property and the will under his control and had a right to change it or do as he pleased with it, and I stated to him, 'What you do not dispose of in your will, will be equally divided among all the heirs.' He then said, 'I have a right to do what I please with the property I have not disposed of in my will;' and in that conversation he asked if I had put the Culp note in the will to Della; I told him no, but that I could, and he said, 'No, it is not worth while, I will just turn it over to her.' I told him the fix him and me were in, he had better do it pretty soon, and he said he would right away."

When Hoover's deposition was offered, the appellant's counsel objected to it as inadmissible and incompetent for any purpose, since it was taken in a different suit between different parties; but the court overruled the objection and permitted the deposition to be read to the jury, to which ruling an exception was duly saved.

Though reluctant to reverse the judgment in respondent's favor, we are compelled to hold that the circuit court erred in admitting the deposition. In fact, we are unable to surmise on what ground it was admitted, so palpably incompetent was it as evidence in this cause. Not only was it taken in another suit between other parties, but not a word in it refers to the issues in this case, or bears on them except remotely, as tending to show an intention of Albert G. Bates to give a certain note to his daughter, which intention is said to have been carried out when he gave the one in suit to his wife.

A deposition is sometimes admissible in evidence in a suit other than the one it was taken in, when the suit in which it is offered is between the same parties as the one in which it was taken, or parties claiming in privity with them, if the testimony is relevant to the issues being tried and the party against whom it is offered had an opportunity to cross-examine the witness as to the matter in reference to which the deposition is offered and was legally called on to do so. 1 Greenleaf on Evidence (16 Ed.), sec. 163a; Parsons v. Parsons, 45 Mo. 265. The vital point is the opportunity to cross-examine, which the law regards as the most effective means of eliciting the whole truth and avoiding the prejudicial effect of a false coloring which a partial witness might otherwise impart to his testimony.

While D. D. Bates was defendant in the Della Bates case as well as in this one, he had no reason to cross-examine Hoover as to the note claimed by Mrs. Bates and may have refrained from a particular cross-examination for valid rea-

sons connected with the other case. The parties to the two actions are not the same nor in privity, nor is the issue the same; and, hence, the deposition was incompetent. Weeks on Depositions, sec. 471; Borders v. Barber, 81 Mo. 636; Leslie v. Mining Co., 110 Mo. 31; Case Plow Works v. Ross & Co., 74 Mo. App. (K. C.) 437. The admission of it was prejudicial error; for it was likely to be taken by the jury as corroborative of the testimony of the respondent and her witnesses.

The judgment is, therefore reversed and the cause remanded. *Bland, P. J.*, and *Barclay, J.*, concur.