W. H. HAGLAGE, RESPONDENT, v. MONARK GASOLINE & OIL COMPANY, APPELLANT.*

Kansas City Court of Appeals. June 27, 1927.

*Gamble, Trusty & Pugh* for respondent.

*McCune, Caldwell & Downing* for appellant.

FRANK, C.—Action by respondent to recover damages for loss of companionship, society and services of his wife, for medical and hospital bills paid by him and for damages to his automobile, all alleged to have been caused by the negligence of appellant in causing an oil truck belonging to appellant to collide with respondent's automobile which his wife was driving at the time of the collision.

The cause was tried to a jury and judgment rendered in favor of plaintiff in the sum of $2000. Defendant appeals.

The collision occurred on September 22, 1924, at the intersection of 47th and Main street in Kansas City, Missouri. Forty-seventh

street is also known in the record as Brush Creek Boulevard and Mill Creek Parkway. Main street runs north and south and 47th street east and west. At the time of the collision one Toothman, an employee of appellant was driving its oil truck south on Main street and respondent's wife was driving west on 47th street. Appellant's oil truck was not equipped with a horn or other signalling device and no signal or warning was given by either driver as they approached the intersection.

Respondent's wife brought suit against appellant in the circuit court of Jackson county to recover damages for her personal injuries alleged to have been caused by the collision in question, the case being styled Mary Haglage, Plaintiff, v. Monark Gasoline & Oil Company, a corporation, Defendant, No. 208638.

On April 3, 1926, sixteen days before the trial of the case at bar, respondent filed in said cause the deposition of Charles W. Tomlinson taken in Detroit, Michigan, on March 24 in the case of Mary Haglage v. Monark Gasoline & Oil Company, No. 208638.

On the day the deposition was filed, appellant filed written exceptions to the use of said deposition in this cause for the reason, among others, that said deposition was not taken in this cause but in a separate and independent cause of action wherein the parties and issues were not the same as the parties and issues in the instant case.

When the deposition was offered in evidence appellant objected to its introduction, on the grounds alleged in the written exceptions theretofore filed. Before the trial court ruled on this objection, respondent offered in evidence the petition in the case in which the deposition was taken, in order, as counsel stated, "to show the identity of the causes." This petition was received in evidence. An examination of this petition shows that in the case in which the deposition was taken, Mary Haglage, the wife of respondent sought to recover damages from appellant for personal injuries caused by the collision in question, alleging as ground therefor, the identical acts of negligence alleged in the case at bar. Appellant's objection to the introduction of the deposition was overruled and the deposition was received in evidence.

A plat was introduced in evidence showing that the Kansas City Railway runs diagonally through the territory in question crossing 47th street or Brush Creek Boulevard at a point 122 feet east of the intersection where the collision occurred, and crossing Main street at a point 225 feet north of said intersection.

Photographs introduced in evidence and the testimony of the witnesses show that there were no building or other structures on the northeast corner of the intersection in question that would obstruct the view of either driver or prevent either from seeing the other's

car in time to have stopped their cars or placed them under control before entering the intersection where the collision occurred.

Glen C. Toothman, the driver of appellant's truck at the time of the collision was called as a witness by respondent. His testimony is to the effect that he was driving the truck south on Main street at the rate of twelve or fifteen miles per hour and as he crossed the railway tracks on Main street, he saw the Cadillac car on Brush Creek Boulevard and as he approached the intersection he saw the Cadillac coming over the car tracks on Brush Creek Boulevard; that respondent's wife was looking south over her shoulder and he never noticed her or saw her after that until the cars collided; that he began to slow down at a point about half way between the car tracks and the intersection; that he slowed down to a speed of between three and five miles per hour then increased his speed and crossed the intersection at about eight or ten miles per hour; that the truck was in good condition and the brakes were good; that the front seat of the truck was enclosed in a wooden cab but the doors were off and he could see out; that there was no horn on the truck and had not been during the two weeks he had driven it; that the car struck the truck about eight or nine feet from the front end; that the collision occurred on the west side of Main street; that he was looking south as he crossed the intersection; that he judged the Cadillac was going around the neighborhood of twenty-five or thirty miles per hour; that he didn't notice at what speed she was traveling; that he just judged she was going about twenty-five or thirty miles an hour; that when the truck stopped the front wheels of the truck were parallel with the south curbing of Brush Creek Boulevard; that the Cadillac was facing southwest and was standing about a foot or two away from the truck; that he believed he reached the intersection first, but he did not know where the Cadillac was when he entered the intersection; that he never saw the lady after he crossed the car tracks on Main street and got approximately half way between the tracks and 47th; that for some distance north of the intersection and while crossing the intersection he was going from eight to ten miles per hour and that under the conditions as they existed he could have stopped the truck within eight or ten feet; that 47th street is one of the principal streets of the city and is much traveled at all hours of the day.

Mary Haglage the wife of respondent testified that she was driving west on 47th street at a speed of eighteen or twenty miles per hour; that when she reached the car tracks crossing 47th street she slowed down to eight or ten or twelve miles per hour and proceeded westward toward and across the intersection at a speed of eight or ten, not to exceed twelve miles per hour; that when she was on the car tracks crossing 47th street there was nothing to prevent her from seeing a vehicle on Main street at any point between the intersection

and the car tracks on Main street some 250 feet north of the intersection; that when she was about thirty-five or forty feet east of Main street she looked north a distance of one hundred feet and didn't see anything; that she then proceeded west looking still ahead and her vision was such that she could see to her right on Main street about twenty or thirty feet; that she never saw the truck at any time before the collision; that her brakes were in good condition and she could have stopped her car within five feet.

Other evidence introduced tends to show that before this accident respondent's wife was a stout healthy woman and was able to and did do practically all of the housework at their home and looked after and cared for their two children; that she was seriously and permanently injured in this collision and as a result thereof is unable to perform her household duties. Respondent also introduced evidence to the effect that his car was badly damaged; that its reasonable market value before the collision was from $850 to $1100; that its market value thereafter was from $100 to $500. Respondent testified that he had expended the sum of $291.10 for hospital bills, doctor bills and for medicine in the attempt to cure his wife of her injuries.

The injury to respondent's wife, the expenses paid out by him and the damage to his automobile is not questioned on this appeal, therefore we do not set out the evidence touching these matters.

Appellant's instruction in the nature of a demurrer to the evidence offered at the close of the case was refused and the cause was submitted to the jury under the humanitarian doctrine.

Appellant contends that the court erred in admitting in evidence the deposition of Charles W. Tomlinson taken in the case of Mary Haglage versus appellant.

The record shows that Mary Haglage wife of respondent brought suit against appellant on her own behalf to recover for personal injuries caused by the collision in question in this suit. After notice to appellant, who appeared by counsel and cross-examined, she took the deposition of Charles W. Tomlinson in her suit against appellant, which deposition was later filed in the case at bar. It is appellant's contention that the deposition cannot be used in this case because the parties and issues in both cases are not the same. The rule governing the use of a deposition taken in a case other than that in which it is offered, is correctly stated in Borders v. Barber, 81 Mo. 636, 643, 644, as follows:

"On the trial the defendant offered in evidence the deposition of one Luke White, taken in the cause of one Joseph C. Neece v. James L. Borders (the plaintiff here), and St. Louis Life Ins. Co., et al., defendants, theretofore pending in the Bollinger circuit court. Notice of intention to offer said deposition in this cause was timely given by defendant. The court, on objection of plaintiff, refused to admit this

deposition. This action of the court is assigned for error. While, it cannot be maintained, in admitting depositions taken to be used in another trial, that complete mutuality is required, as in the case of judgments, yet the general rule so far applies *that the issues in both cases must be the same.* I know of no authority, entitled to recognition for the admission of a deposition taken in a suit between A. and B., against B. in a subsequent suit of B. against C., where B. is claiming no right or succession under the suit between him and A., and where C. is in no wise in privity with either party to the action of B. against B. [Parsons v. Parsons, 45 Mo. 266; Adams v. Raigner, 69 Mo. 363; Weeks' Law Dep., 471.] It is true that the deposition of White bore upon a question at issue in this action, but the issues in the two suits were not by any means the same, and the parties are not the same. The deposition was properly excluded." (Italics ours.)

In Bank v. Thayer, 184 Mo. 61, 99, 82 S. W. 142, the court said, "Nor was there error in excluding the deposition of P. C. Cowling as offered by defendant and for several reasons. In the first place the deposition was taken in another case where the parties were not the same as in this, nor were the issues the same."

In the case of Oliver v. Louisville N. R. Co., 17 Kentucky Law Reports 840, 32 S. W. 759, the facts under consideration were that J. S. Oliver and Henrietta Oliver, his wife, brought suit to recover damages for personal injuries received by his wife. The trial court refused to admit in evidence depositions taken in a former suit brought by J. S. Oliver for loss of services of his wife and medical expenses on account of the same accident. In disposing of the contention made that such depositions were admissible, the court said,

"Although the depositions referred to relate wholly to the character of injury received by her and the manner in which it was done and are, therefore, pertinent to the question of legal liability as well as of measure of damages in each action, still the present injury if the result of defendant's negligence constituted two distinct causes of action one for which he alone could sue, and for the other she might have sued alone in case of his refusal to join with her. And while the reason for the rule mentioned does exist to the same extent as if there had been different occurrences or transactions, we can very well see how disregard of it by the court might have taken defendant by surprise and deprived it of the advantage of developing on cross-examination admissions and confessions of the wife it was not permitted to show in the other suit."

In L. & N. R. R. Co. v. Atkins, 70 Tenn. (2 Lea) 248, it is held, "A judgment in favor of the defendant in a suit brought by husband and wife is ordinarily no bar to a suit brought by the husband alone, nor are depositions taken in the first suit admissible as evidence in the other."

In Nelson v. Harrington, 72 Wis. 591, 40 N. W. 228, the Supreme Court of Wisconsin said, ''The defendant offered in evidence a deposition of plaintiff's father taken in a case brought by the father against the defendant for loss of his son's services, etc., caused by the same malpractice here complained of. The court rejected the deposition as evidence in chief, but offered to receive it as evidence impeaching the testimony of the father, who had theretofore been examined as a witness on the trial on behalf of the plaintiff. The ruling was clearly right. It was an offer to prove the statements of a witness made at another time and place in a different cause, as evidence in chief against the plaintiff. Of course, this evidence is inadmissible.''

To the same effect is Hooper v. Southern Ry. Co., 112 Ga. 96, 37 S. E. 165.

Respondent cites the case of Harrell v. Q., O. & K. C. Ry. Co., 106 S. W. 667, in support of his contention that the deposition taken in his wife's case is admissible in this case. The facts in the cited case are that Mrs. Harrell, the widow brought suit on her own behalf for the death of her husband and the defendant, after notice to plaintiff, who appeared and cross-examined, took a deposition in said cause. After taking the deposition the widow's suit failed because not brought within the statutory period. Later the children of deceased by their mother as next friend brought suit in the same court to recover for the death of their father. The deposition taken in the widow's suit was filed in the suit brought by the children and introduced in evidence over the objection of defendant. The Supreme Court held the deposition admissible. As we read this case the holding of the court is bottomed on the theory that there was but one cause of action for the wrongful death of the father, the jist and foundation of which was the wrongful act of the defendant for which but one recovery could be had. The theory upon which the court decided the case is clearly expressed in the following quotation from the opinion:

''So in the case before us the cause of action is the wrongful act of the defendant in killing the deceased, and that cause of action is involved in every suit brought for the recovery of the damages growing out of it. The same question arises in every legal proceeding for relief. The title of the applicant is a matter incident to all. In case of the death of the party injured the statute may give the right of recovery on account of the wrong that killed him to his executor or administrator, or heirs, or next of kin, or to any other person who, in the opinion of the Legislature, deserves it. This it may do absolutely or conditionally. If the condition be one of time in which parties to whom the law gives the right may successively sue, then upon failure to perform the condition the right passes on as effectually as it would pass by death and descent, or voluntary trans-

fer. Every reason that justice and equality suggest is alike applicable in either case. The right comes to both in its entirety from the same source. The cause of action is the same in its entirety, the defendant is the same, and the defense is the same against the children as it would have been against the injured party, and we can see no reason why a deposition taken by the defendant upon the merits should not be equally available to each successive plaintiff.''

The court also quotes the general rule as stated in Borders v. Barber, supra, that the issues in both cases must be the same. After making this quotation the court said:

''This careful statement of the law in that case gives us little or no light in this, except the statement of the general rule to which we all adhere whenever it is applicable, *that the issues in both cases must be the same.''* (Italics ours.)

We do not interpret the opinion in the Harrell case, supra, as announcing a doctrine contrary to the general rule as announced in Borders v. Barber, supra. In accord with the general rule, the court held that the deposition in question in the Harrell case was admissible because the cause of action in its entirety was the same in both cases and because both the widow and children obtained their right from the same source.

We know of no opinion holding that a deposition taken in one case may be used in another case unless the issues in both cases are the same.

The issues to be determined in the case brought by respondent's wife against appellant were whether or not she has been injured as a result of defendant's negligence and the character, extent and result of such injuries. The issues to be determined in the case at bar are; (1) The same issues as were involved in the wife's case; (2) loss to respondent of services of his wife resulting from said injuries; (3) the amount expended by respondent in an attempt to cure his wife of said injury; (4) the injury to respondent's automobile.

It is true that the issues involved in the wife's case are also involved in appellant's case. It is also true that the deposition here in question bore upon an issue involved in both cases, to-wit, the cause of the collision and plaintiff's injury, but there are other issues involved in appellant's suit, and we can readily see that if the deposition taken in the wife's case may be used in appellant's case that appellant was deprived of the right to cross-examine the witness as to his knowledge, if any, relative to the damage to respondent's car, the amount paid out by respondent in an attempt to cure his wife of the injuries she received, her condition since said injury, her ability to perform her household duties or any other fact he might know relevant to such issues. The issues in the two suits were not the same and the parties are not the same. For these reasons the deposition should have been excluded.

The fact that the deposition here in question bore upon an issue in both cases did not warrant its admission in evidence in this case because the issues in both cases are not the same. In Borders v. Barber, supra, the deposition of one White taken in another case styled Neece v. Borders, was offered in evidence but on objection of plaintiff was rejected. The rejection of the deposition was assigned as error. In disposing of this assignment, the court, among other things said,

"It is true that the deposition of White bore upon a question at issue in this action but the issues in the two suits were not by any means the same, and the parties are not the same. The deposition was properly excluded."

From what is above said we conclude that the deposition of Charles W. Tomlinson was not admissible in this case. It is therefore unnecessary to discuss other reasons assigned for its rejection. We think the admission of this deposition in evidence necessitates a reversal of this case regardless of what other evidence shows. This conclusion renders it unnecessary to discuss other points raised in the case. We have, however, examined this deposition and find that it contains evidence material to respondent's case and for this reason the case should not be reversed outright.

The judgment is therefore reversed and the cause remanded. *Williams, C.,* concurs.

PER CURIAM:—The foregoing opinion by FRANK, C., is hereby adopted as the opinion of the court. *Bland* and *Arnold, JJ.,* concur; *Trimble, P. J.,* absent.