ADDA F. BARTLETT v. KANSAS CITY PUBLIC SERVICE COMPANY, a Corporation, Appellant.—160 S. W. (2d) 740.

Division One, March 2, 1942.

*Charles L. Carr* for appellant.

14

*Goodwin Creason* and *Lester G. Seacat* for respondent.

HAYS, J.—This is an action for personal injuries brought by the respondent, Adda F. Bartlett, against the appellant, Kansas City Public Service Company. After a trial in the Circuit Court of Jackson County the jury returned a verdict for the defendant. Plaintiff filed a motion for a new trial which was sustained. The court specifically assigned as the sole ground for his ruling that he had committed error in admitting certain evidence offered by the defendant and objected to by the plaintiff, the nature of which will be stated presently. Our jurisdiction is invoked because the plaintiff's petition prays for judgment in the amount of $20,000 and the amount in controversy exceeds $7,500. [Johnston v. Ramming, 340 Mo. 311, 100 S. W. (2d) 466.]

Plaintiff and her husband, George Bartlett, were passengers on a bus operated by defendant along 39th Street in Kansas City, Missouri. The bus proceeded east until it reached the intersection of Tracy Avenue where it drew up alongside the curb and plaintiff and her husband left by the rear door. George Bartlett descended from the bus first. Plaintiff then stepped on to the rear step of the bus and was about to descend to the curb when, as she alleges, the bus suddenly started forward, causing her to lose her balance and throwing her forward into the arms of her husband. She claims to have sustained an injury to her right knee at the time.

Plaintiff offered the evidence of her husband and two other witnesses, in addition to her own testimony, in regard to the sudden forward movement of the bus. Defendant, on the contrary, offered the testimony of its driver and six other passengers to the effect that the bus did not make this sudden forward movement and that in fact it did not move forward at all until after the accident had occurred. Plaintiff's petition charges specific negligence in the sudden forward movement of the bus.

In addition to the testimony of the witnesses mentioned who appeared personally at the trial, the defendant offered and was permitted to read to the jury the stenographic transcript of the testimony of two witnesses, Mrs. Zada Spencer and Mrs. Marcie Osick, given

on a former occasion. Their testimony was very similar to that of the other witnesses for the defendant, to-wit: that the bus did not start forward after making its stop at Tracy Avenue at the time of the accident.

The circumstances under which this testimony was originally given are these: Some time before the trial of the present case George Bartlett, the plaintiff's husband, had filed suit against the defendant for loss of services of his wife arising from her injuries allegedly sustained in this same accident. The petition in the said George Bartlett case was offered in evidence but was not received by the court. However, it is of course included in the abstract before us and was before the trial judge at the time he ruled on the admission of the testimony of Mrs. Spencer and Mrs. Osick. Said petition shows that the assignment of negligence made in the George Bartlett case was absolutely identical with the assignment of negligence in the present case and the testimony offered bears solely upon this issue of primary negligence of the defendant. It appears that one of the attorneys who represented George Bartlett in his case also represented Mrs. Bartlett in the present case.

It is conceded by both parties and was conceded at the trial that Mrs. Spencer and Mrs. Osick were permanently domiciled in another state at the time of this trial and were outside of the jurisdiction of our courts. They were therefore unavailable as witnesses within the meaning of that term as used in the rule with respect to the admission of former testimony. [State v. Butler, 247 Mo. 685, 153 S. W. 1042.]

The testimony of the two witnesses here involved was obviously relevant and material to the issues in the present case. If the trial court erred in admitting it it can only be for the reason that it was hearsay. Our consideration must therefore be confined to the question of whether or not the admission of this former testimony was violative of the hearsay rule, and this requires a consideration of the nature of that rule and the reasons for its existence.

The ultimate purpose of any trial upon an issue of fact is the ascertainment of truth—the accurate determination of the actual facts in the controversy. Procedural rules are not ends in themselves. They are means to the attainment of this ultimate purpose of legal procedure—the ascertainment of truth. To prevent the tribunal from being misled by false testimony two safeguards to truthfulness have been developed in our common law procedure. One of them is the judicial oath administered to witnesses with the attendant penalties for wilful and deliberate perjury. The other is cross-examination through which the opponent is enabled to expose intentionally false swearing and also to bring to light circumstances bearing upon inaccuracies of the witnesses in observation, recollection and narration, and to lay the foundation for impeachment of the witnesses.

Hearsay evidence is objectionable because the person who makes the statement offered is not under oath and is not subject to cross-examination. Where a witness has testified to certain facts in a former proceeding, either in open court or by deposition, and a stenographic record of his testimony is offered in a later proceeding in which the same issue of fact is involved, the reception of this evidence is not open to objection on the ground that the witness has made the statement without being sworn for he was under oath when he testified. The sole possible objection is that the witness is not subject to cross-examination. Where the former proceeding is between the same parties involved in the subsequent case and the same issues are litigated, this objection too is not tenable. For the party opponent has had sufficient opportunity to cross-examine at the time the testimony was first given. Thus it is generally, though conditionally, recognized that under such circumstances, if at the time of the second trial the witness is unavailable, his testimony may be read in evidence. [Breeden's Administrator v. Feurt, 70 Mo. 624; Borders v. Barber, 81 Mo. 636; Vessels v. Kansas City Light & Power Co. (Mo. Sup.), 219 S. W. 80; Drake v. Kansas City Public Service Co., 333 Mo. 520, 63 S. W. (2d) 75.]

This rule does not apply, however, if the issues litigated in the former proceeding are wholly dissimilar from those litigated on the subsequent trial. For cross-examination to be effective it must be directed to the precise issue subsequently involved. If the matters at issue in the subsequent case were only collaterally and remotely involved in the former case there would be no reason to fully and carefully cross-examine as to such points at the time when the witness was available for cross-examination. Hence no real opportunity for cross-examination is had and the testimony offered in the subsequent trial is but little different than a mere ex parte affidavit. [Wigmore on Evidence (3 Ed.), Vol. 5, sec. 1386 et seq. and cases cited.]

In the present case, however, it is plain that the precise issue litigated at this trial was also the principal issue in the George Bartlett case, and that the testimony of these two witnesses was directed solely to that issue. It is true that in the former proceeding there was an additional issue as to the loss of services by the husband. In other words, the question of substantive liability in the two cases was the same but the measure of damages was different. However, neither of these witnesses testified to anything having a bearing upon the question of damages. Their evidence concerned only the issue of primary negligence of the defendant.

So, then, we have left for consideration only one question: Is it necessary that the parties in the former case be absolutely identical with the parties in the second case? This matter of identity of parties can have no bearing upon the fact that the testimony was given under oath. An oath taken in the former case was just as binding upon the

witnesses as it would have been had the parties in that case been identical with those in the present proceeding, and had these witnesses or either of them sworn falsely in that case they would have been subject to the penalties of perjury. If identity of parties is required it can only be because this is necessary to assure a proper and effective cross-examination. As against the admissibility of former testimony where identity of parties does not exist, it may be urged that cross-examination conducted by different counsel varies greatly in its force and effectiveness; that even though the party-opponent in the former case had an opportunity to cross-examine, such a cross-examination might not have been as effective and searching as one conducted by counsel chosen by the party-opponent in the subsequent case. Furthermore, it is quite true that the effectiveness of cross-examination sometimes depends upon the information furnished to examining counsel by his client. It cannot be said therefore that the fact that a witness is cross-examined or may be cross-examined by the party-opponent in the former case is altogether equivalent to cross-examination by the party-opponent in the second case.

On the other hand there should be weighed against these considerations another of great importance. Where, as here, the witness is merely absent from the State, it is possible in a civil case and under ordinary circumstances to obtain his deposition. But where the witness is dead or has become insane, his testimony could not be had at all in the second case unless the introduction of the former testimony be permitted. Thus the exclusion of the former testimony would in many instances deprive the tribunal of most valuable aid in determining the true facts of the controversy. When this fact is weighed against the consideration mentioned in the preceding paragraph, and when it is considered that a party-opponent, who has the same motive to thoroughly cross-examine as the present party-opponent would have, has been afforded the opportunity so to do, and that the former cross-examination will usually ▮ be effective to disclose any falsity or inaccuracy in the evidence, it will be seen that reason and logic are against the requirement of absolute identity of parties in the two cases.

The courts of this State have considered a number of cases in which absolute identity of parties was lacking. In the case of Minea v. St. Louis Cooperage Company, 179 Mo. App. 705, 162 S. W. 741, the father of a minor employee of the defendant sued for loss of services occasioned by an injury to his son in an industrial accident. The transcript of the testimony of certain witnesses given at a former trial was offered and received. The former case was an action by the infant himself, through his father as next friend, in which he sought to recover damages for the same injury. The St. Louis Court of Appeals said, in ruling the father's case, 179 Mo. App. l. c. 716: ''Save as to the measure of damages, the issue is practically the same, namely,

was this defendant liable for the injuries sustained by the son of the plaintiff here. In this situation, we hold that the testimony in the first action can be used in evidence here, if properly proved." In McCracken v. Schuster (Mo. App.), 179 S. W. 757, evidence taken in a prior suit for rental was held admissible in a subsequent suit for unlawful detainer. The evidence bore upon the common issue of the terms of the rental contract. The plaintiff in the first case was the predecessor in title of the plaintiff in the subsequent case. The case of Lampe v. St. Louis Brewing Association, 204 Mo. App. 373, 221 S. W. 447, was an action for wrongful death of the plaintiff's husband alleged to have been occasioned by the negligence of the defendant. The husband, prior to his death, had brought suit against the same defendant for damages for the injuries which subsequently caused his death. A deposition was taken in the husband's case and later admitted in evidence in the wife's case. It is to be noted that at the time of this decision the widow's right of action was held to be derivative of the husband's right of action and not an independent one of her own.

It will thus be noted that in the McCracken and Lampe cases, supra, there was a privity of title between the party-opponent in the former case and the party-opponent in the subsequent case.

In Borders v. Barber (en banc), 81 Mo. l. c. 644, supra, this court used the following language: "I know of no authority, entitled to recognition for the admission of a deposition taken in a suit between A. and B., against B. in a subsequent suit of B. against C., *where B. is claiming no right or succession under the suit between him and A., and where C. is in no wise in privity with either party to the action of B. against A.*" The exact facts in the Borders case with relation to the testimony there offered and objected to are not fully stated in the opinion but the court did say: [81 Mo. l. c. 644] "It is true that the deposition of White bore upon a question at issue in this action, but the issues in the two suits were not by any means the same, and the parties are not the same." It thus appears that the Borders case is one involving not only a difference in parties but a difference in issues as well.

Certain other cases, from the Courts of Appeal, have held former testimony inadmissible where identity of parties in the two proceedings was lacking. [Willis v. Reed, 190 S. W. 377; Evans v. Sears, Roebuck & Co., 129 S. W. (2d) 53; Haglage v. Monark Gasoline & Oil Co., 221 Mo. App. 1129, 298 S. W. 117; Bates v. Bates, 94 Mo. App. 70, 67 S. W. 932.] In most of these cases the decisions may be explained on the ground of an entire dissimilarity in issues between the former and the subsequent cases. The Haglage and Evans cases, however, are very similar in facts to the Minea case and cannot be differentiated therefrom. But none of the cases have gone so far

as to discredit the rule that absolute identity of the parties is not required where the two parties opponent are in privity.

None of the cases above cited, except the Borders case, were decisions of this court. Appellant, however, cites and relies upon our decision in Harrell v. Quincy, Omaha and Kansas City R. Co., 186 S. W. 677. The case is not in point here. An action had been brought by a widow for the wrongful death of her husband. In this case she took the deposition of a certain witness. Her action was then dismissed because it had been filed more than six months after her husband's death. Thereafter and within a year after the husband's death an action was brought by the minor children of deceased. The defendant in the two actions was the same. The children, as plaintiffs in the second action, offered the deposition which had been taken by their mother. ▮▮▮ This was objected to by the defendant, but the deposition was held properly received. So, obviously the defendant which had cross-examined in the first case was in no position to object to the admission of this deposition even though it had been taken by a different party-opponent.

The authorities thus far reviewed make it plain that under the law of this State absolute identity of parties is not required. It is said to be sufficient if the party-opponent in the subsequent case is in privity with the party-opponent in the former case. It is necessary, however, to inquire what is meant by privity as the term is used in this rule. It is sometimes insisted that the term is here used with the same connotation employed in the law of property. In Wigmore on Evidence (3 Ed.), Vol. 5, sec. 1388, such a construction is argued forcefully against. We are here dealing with a matter of procedure and not with a matter of substantive law. Parties litigant have no vested rights in rules of procedure. Such rules exist simply as means to attain a correct decision by the tribunal. The right of cross-examination exists solely because cross-examination is a necessary safeguard against the receipt of false or mistaken evidence. There is nothing in the mere fact of legal privity between the two parties opponent which makes it certain that the cross-examination in the former case will be as thorough and effective as cross-examination in the second case would have been. The only reason for assuming that cross-examination in the former case will be sufficiently effective is that the interest of the party-opponent in such case is identical with the interest of the party-opponent in the subsequent case and that his motive for adequate cross-examination is therefore the same as the motive of the second party-opponent. would have been. After all the true test is one of identity of interest and not of privity as that term is used in the law of property.

The conclusion thus reached is supported by the authority of two very eminent law writers, Dean Wigmore [Wigmore on Evidence (3 Ed.), Vol. 5, secs. 1386, 1387, 1388] and Dean Hale, the latter in a

discussion of "The Missouri Law Relative to the use of Testimony Given at a Former Trial" [14 St. Louis Law Rev. 375, 1. c. 383-386]. It is also supported by numerous decisions from other jurisdictions. We cite certain of the leading cases without giving full approval to the actual holding therein upon the facts there involved, but as illustrative of the adherence of the courts to the general principles above set forth. [Charlesworth v. Tinker, 18 Wis. 633; Kreuger v. Sylvester (Iowa), 69 N. W. 1059; In re Durant (Conn.), 67 Atl. 497; Andricus' Administrator v. Pineville Coal Co. (Ky.), 90 S. W. 233; North River Ins. Co. v. Walker (Ky.), 170 S. W. 983.]

In the instant case there was not only clearly an identity of issues but there was a complete identity of interest between Mr. Bartlett and his wife. She could recover in this case only by showing primary negligence of the defendant in the alleged sudden forward movement of the bus, and he could recover in the former case only by showing the same identical facts. The two witnesses in the former trial testified to the nonexistence of these facts. It was to Mr. Bartlett's interest just as much as to his wife's to demonstrate, if possible, any falsity or mistake in this evidence. Both were represented by the same counsel. Obviously both had access to the same information relative to the case to be furnished to counsel. There is every reason to believe that if cross-examination had been needed and were possible counsel in the former case would have done their work as thoroughly as counsel in the present case could have done. We therefore hold that there was no error in the admission of the evidence of these two witnesses.

It is contended by the respondent, however, that the testimony of all of the defendant's witnesses upon this issue was contrary to the undisputed physical facts and that the verdict based upon such evidence was clearly against the weight of the evidence and should have been set aside even if no error in regard to the reception of the testimony of the two witnesses above mentioned had been committed. Respondent points out that the bus step was only a few inches higher than the curb and only a few inches distant from the curb and therefore argues that it would have been a physical impossibility for Mrs. Bartlett to have slipped unless the bus started forward. We have carefully examined the record and we do not find that the testimony of defendant's witnesses was absolutely at variance with the physical facts. Certainly the weight of evidence was a question for the jury. The question of the credibility of the witnesses also was for the jury. We cannot, therefore, say that the motion for new trial should have been sustained in the absence of error during the trial. It follows that the action of the court in sustaining such motion, based upon the sole ground of his alleged error in admitting the testimony herein above referred to, was erroneous, and that such motion should have been overruled.

22

For the above reasons the case must be reversed and remanded with directions to enter judgment in accordance with the verdict. It is so ordered. All concur.