Doris DRYDEN and Lowell Dryden,
Appellants,

v.

Thomas AITKEN, Respondent.

No. 51635.

Supreme Court of Missouri,
Division No. 2.

Sept. 12, 1966.

**926** ■

Murphy & Roche, Byron A. Roche, St. Louis, for appellants.

Leritz & Leritz, J. D. Leritz, J. L. Leritz, St. Louis, for defendant-respondent.

JAMES W. BROADDUS, Special Commissioner.

This suit arose as a result of an automobile collision which occurred in the City of St. Louis, Missouri. The suit was brought in two counts, Count I being for damages in the amount of $25,000 for personal injuries alleged to have been sustained by Doris Dryden. In Count II Lowell Dryden sought damages for loss of companionship of his wife Doris, and also for damages to his automobile, totalling $10,000. Trial before a jury resulted in a verdict in favor of defendant on Count I, and a verdict in the amount of $250 for property damage on Count II. Judgment was rendered on said verdicts and plaintiffs have appealed.

The testimony discloses that on June 19, 1959, plaintiff Doris Dryden was a passenger in an automobile operated by her husband westwardly on Lindell Boulevard when said automobile stopped just east of Vandeventer Avenue in compliance with a traffic signal located at said intersection and was struck in the rear by defendant's automobile and shoved forward six to eight feet. Lindell Boulevard immediately east of Vandeventer slopes "down hill" toward the west.

Defendant's automobile, westbound, had come to a stop five to six feet in back of plaintiffs' automobile and defendant "eased my foot up on the brake" and his automobile rolled down the incline into the back of plaintiffs' car. Defendant's automobile was not damaged. Mrs. Dryden testified that on December 24, 1955, she was a passenger in an automobile being driven by Robert Tyner; that said automobile, while traveling at about fifty miles per hour, was involved in a collision; that as a result of that collision she was injured; that she was taken to a hospital and suffered from the injuries for a period of two years; that she filed a suit and later made a disposition of the suit when she was paid the sum of $2,500; that she was treated by Dr. Cole of East St. Louis for the injuries. She further stated that she was represented by attorney Ralph Harris; that the suit was filed in Williamson County, Illinois; that it was tried and resulted in a hung jury.

A transcript of the record in the case of Dryden v. Tyner, No. 144–56 L, Circuit Court of Williamson County, Illinois, was marked Defendant's Exhibit No. 1 and, over the plaintiffs' objection, parts therefrom read to the jury were received in evidence.

Dr. Donald C. Weir was called as a witness by defendant and qualified as a radiologist. He brought with him X-ray films that he had made on March 11, 1965, at the request of defendant and also films taken on June 26, 1959, November 11, 1959, and February 16, 1960, made by plaintiffs' treating doctor, Dr. Blair, and which had been made available to him by plaintiffs' attorney. During the examination of Dr. Weir the following occurred: "Q. (BY Mr. Leritz) Doctor I am referring to Defendant's Exhibit 1, a transcript of the record of the trial of the case of Doris Dryden versus Robert Tyner * * *

"Mr. Roche: Your Honor * * *

"Q. (By Mr. Leritz) On October 14, 1957, in which Dr. Bart Cole testified from certain X-rays that he had made on October

3, 1957. And his testimony was, referring to this X-ray:

'This shows what we describe as a loss of normal cervical lordosis.'

"Would you say that the testimony of Dr. Cole, at that time, represents the condition you find in these films?

"Mr. Roche: I am going to object. First of all, Counsel is giving his own interpretation of what may or may not have been said. There has been absolutely no proof as to what the exhibit, that he is reading from, is. I therefore, renew my other objection. I believe it is hearsay. I believe he is asking for this doctor to take the opinion of another doctor and superimpose his opinion on the opinion of someone else that none of us have had the opportunity to hear. It is premature * * *

"The Court: I will overrule the objection. I don't believe the doctor was asked to base an opinion on the opinion of another doctor. He was only asked to testify as to whether this is the same condition that he found in X-rays.

"Mr. Leritz: Will you answer, Doctor?

"A. Yes, as you stated there—would you read that back?

"Q. (By Mr. Leritz) 'This shows what we describe as a loss of the normal cervical lordosis.'

"A. Yes. That is what we see in the films I just reviewed taken from '59 to '65, is a loss of the cervical lordosis."

Plaintiffs' sole contention is that the trial court erred in permitting defendant to read from the transcript in the case of Dryden v. Tyner, Defendant's Exhibit 1, that part of the testimony of Dr. Cole which we have set out.

First, plaintiffs assert that no foundation was laid by defendant to prove that the transcript was accurate. The record discloses that when defendant's counsel, Mr. Leritz, undertook to examine plaintiff Doris Dryden in connection with the transcript, Mr. Roche, plaintiffs' counsel, stated:

"I have no objection to his examining the witness in connection with it, but when he refers to something as a transcript, I would like to have an opportunity to inspect and read it before it is used before the jury."

After a short discussion between the court and counsel about the length of time it would take plaintiffs' counsel to read the entire transcript, the court said: "I think it would be a good idea, to save a substantial amount of time, if Mr. Leritz would show you what he wants to read, so we can avoid reading the whole thing, Mr. Roche."

"Mr. Leritz: Yes, I will be glad to Mr. Roche: Thank you."

Thereupon defendant's counsel undertook to interrogate Mrs. Dryden in connection with the testimony she gave at the trial of her case, Dryden v. Tyner, in respect to injuries she sustained on December 24, 1955, the parts of her body which were involved, all her complaints, the treatment she received, all as reflected by the transcript, Defendant's Exhibit 1.

Under direct examination Mrs. Dryden stated that she was involved in an accident in 1955; that she received medical care and that she filed a lawsuit in Illinois. Under cross-examination she stated that she was represented in said cause by attorney Ralph Harris and the suit was filed in Williamson County, Illinois; that it was tried and resulted in a hung jury. She further stated that she was treated by Dr. Cole of East St. Louis; that he made X rays of her and she remained under his care "until time of trial"; that he testified for her at the trial in Williamson County, Illinois, at which time she was present and heard his testimony and that she also testified in said cause.

■ Since plaintiffs did not question the accuracy or validity of the transcript, Defendant's Exhibit 1, after it was examined by their attorney and Mrs. Dryden admit-

ted the correctness of her testimony, as reflected by the transcript, plaintiffs waived any right they might have had to object to the propriety of the transcript. Goodman v. Allen Cab Co., 360 Mo. 1094, 232 S.W. 2d 535, 539; Thomas v. Wade, Mo., 361 S.W.2d 671, 675.

■ Plaintiffs also assert that the testimony of Dr. Cole was inadmissible because there was no evidence that defendant exercised due diligence in ascertaining whether Dr. Cole was within the jurisdiction of the trial court at the time of the trial of this cause. When defendant interrogated Mrs. Dryden in respect to Dr. Cole's testimony in the transcript as to whether she heard the testimony he gave in respect to X rays he had made of her, plaintiffs' counsel objected on the ground that the testimony was hearsay. At no time did he object to the testimony on the ground that Dr. Cole was available within the jurisdiction of the trial court, nor was this contention raised in plaintiffs' motion for a new trial. Since no objection was made by plaintiffs to Dr. Cole's testimony on this ground and the point was not preserved in plaintiffs' motion for a new trial, they are in no position to now complain. Gerald v. Caterers, Inc., Mo.App., 382 S.W.2d 740, 743; Lott v. Kjar, Mo., 378 S.W.2d 480, 485.

■ Furthermore, from the testimony of plaintiff Doris Dryden, it can reasonably be inferred that Dr. Cole was not within the jurisdiction of the trial court when this cause was tried. She stated that he was of East St. Louis and that the case in which he testified for her was tried in Williamson County, Illinois, and that the accident which resulted in injuries she suffered in 1955 occurred in Illinois. These facts raised an inference that Dr. Cole was not present within the jurisdiction of the trial court but that he lived and practiced his profes-

sion in Illinois. In any event, this was a matter within the discretion of the trial court. A similar situation existed involving the residence of a witness whose deposition was in evidence in the case of Myers v. Karchmer, Mo., 313 S.W.2d 697, 701, and this court said: "Whether the testimony was sufficient to show that the witness was a nonresident of Greene County rested largely within the discretion of the trial court."

■ Plaintiffs also contend that the testimony of Dr. Cole, read from the transcript, was hearsay. The principal objection to hearsay testimony is the fact that the litigant does not have the opportunity to cross-examine the person to whom the hearsay statement is attributed. In the Dryden v. Tyner case, Dr. Cole testified on behalf of the plaintiff, Doris Dryden. He had treated her for injuries she suffered in 1955 and made X rays of her and he undertook to testify in respect to her injuries and complaints. Her attorney interrogated Dr. Cole with respect to those complaints and injuries. Dr. Cole was not an adverse witness and, since he testified in court, it is presumed that he was under oath. Bartlett v. Kansas City Public Service Co., 349 Mo. 13, 160 S.W.2d 740, 742, 142 A.L.R. 666. She should not now be permitted to disavow the testimony Dr. Cole gave when he was called as her witness on the ground that the testimony was hearsay.

The judgment should be affirmed. Your Special Commissioner so recommends.

PER CURIAM.

The foregoing opinion by JAMES W. BROADDUS, Special Commissioner, is adopted as the opinion of the Court.

All of the Judges concur.