Ronald George **BISHOP,**
Petitioner-Respondent,

v.

Judith P. **BISHOP,**
Respondent-Appellant.

No. WD 32134.

Missouri Court of Appeals,
Western District.

June 9, 1981.

James R. Derting, Jr., Kansas City, for respondent-appellant.

Steven J. Streen, Kansas City, for petitioner-respondent.

Before PRITCHARD, P. J., and TURNAGE and CLARK, JJ.

CLARK, Judge.

Judith P. Bishop (Jones), appellant here, filed a motion to modify a 1969 divorce judgment as to child custody. Ronald George Bishop, the former husband and respondent here, filed a counterclaim for actual and punitive damages and costs. The motion and counterclaims were later dismissed, but the husband was awarded attorney fees and costs of $1500.00. The wife appeals.

In her sole point, the wife contends that the award of fees and costs assessed against her was erroneous because not formally sought by a written pleading in the case.

The husband's motion seeking attorney fees was apparently presented orally to the court and to opposing counsel at a hearing on which no verbatim record was made. The same hearing resulted in voluntary dismissal of the other substantive claims by the parties. The wife concedes that dismissal of the husband's counterclaim was on the express understanding that he reserved and intended to pursue his claim for allowance of fees and costs. The court's minutes confirm that the fee claim remained pending because entry of the respective dismissals was accompanied by a general continuance of the case for later disposition of that claim.

No contention is made by the wife that she was prejudiced for want of notice of the claim nor does she object that she was not afforded a hearing and consideration of her evidence opposing the claim. Additionally, she makes no issue as to the amount of the attorney fee allowed or the proof on which it was based. Then and now her only contention is that the award cannot stand because no formal pleading prayed for that particular relief.

Section 452.355, RSMo 1978 provides for allowance of attorney fees in various proceedings associated with dissolution of mar-

riage including modification motions. The statute is silent as to formal requisites by pleading upon which an award of fees may be conditioned. There is and can be no question of the trial court's authority to make an allowance for fees in appropriate amounts under proper circumstances. The issue here is whether such circumstances include an oral application taken up upon adequate notice with full opportunity for the interested parties to be heard.

■ The wife cites no authority whatever germane to the point advanced on this appeal. Her brief lists only two cases, both involving default judgments and the discretionary authority of the trial court on motion to set aside the judgments. She also cites Rule 55.33(a) which is inapposite because the gist of her contention is not improper amendment of a pleading but that there was no pleading, original or amended, which sought the fee allowance. Where the point in appellant's brief is solely buttressed by authorities not germane, it is tantamount to a point presented naked of citations. *Egan v. St. Louis-San Francisco Railway Co.*, 581 S.W.2d 939, 940 (Mo.App. 1979).

■ The absence of citation of a statute or case supporting the proposition asserted by a party indicates that there are no authorities. *Willett v. Reorganized School District No. 2*, 602 S.W.2d 44, 47 (Mo.App. 1980). While Rule 84.04(d) does not require citation of authority in every instance, if appropriate precedent is available it is the appellant's obligation to cite it if he expects to prevail. *Thummel v. King*, 570 S.W.2d 679, 687 (Mo.banc 1978); *State v. McFall*, 584 S.W.2d 435, 437 (Mo.App.1979). If the point advanced is a matter of first impression, counsel are well advised to so state, explaining why citations are unavailable. *Thummel v. King, supra* at 687. Ordinarily, a point of error unsupported by citation of relevant authority is deemed abandoned. *Claspill v. City of Springfield*, 598 S.W.2d 183, 186 (Mo.App.1980).

■ Meticulous review of the record in this case fails to disclose any error, prejudi-cial or otherwise. Independent research has developed no support for the wife's formalistic complaint of pleading deficiency. She had the opportunity, after ample notice, to and did defend against the request for attorney fees. The trial court has broad discretion to award attorney fees in domestic relations cases. *In re Marriage of Maupin*, 600 S.W.2d 686, 690 (Mo.App.1980); *Pederson v. Pederson*, 599 S.W.2d 51, 53 (Mo.App.1980). No abuse of discretion appears.

Affirmed.

All concur.