**Albert F. MATURO, Personal Representative of the Estate of Emilia Cannizzaro, Deceased, Appellant,**

v.

**Gary STONE, Marietta Stone, Jerry Benoit, and Barbara Benoit, Respondents.**

No. 62348.

Missouri Court of Appeals,
Eastern District,
Division One.

May 25, 1993.

Charles L. Gooch, Barbara Harris Pape & Associates, P.C., Columbia, for appellant.

Michael S. Wright, Warrenton, Richard K. Zerr, Ronald R. Fralicx, Beck, Tiemeyer & Zerr, St. Charles, for respondents.

AHRENS, Presiding Judge.

Plaintiff, Albert F. Maturo, as Personal Representative of the Estate of Emilia Cannizzaro, appeals from a directed verdict in favor of defendants, Gary Stone, Marietta Stone, Jerry Benoit, and Barbara Benoit. Plaintiff claims the trial court erred in excluding the deposition of a deceased witness, Edward Cannizarro, taken in a prior lawsuit. The defendants were not parties in the prior case. We affirm.

Plaintiff filed this action against the defendants for damages for conspiracy, conversion, and breach of a fiduciary duty, alleging the defendants wrongfully converted $100,000 from Edward and Emilia Cannizzaro. Edward Cannizzaro (Cannizzaro) and his mother, Emilia, had a joint checking account at the First Missouri Bank of Warrenton. Plaintiff claims the defendants conspired together and wrongfully converted the $100,000 from the Cannizzaros by forging Cannizzaro's signature on a check and depositing the money in their own bank account.

Defendant Gary Stone (Stone) met Cannizzaro while the two were living in California. Stone eventually moved to Missouri. Sometime thereafter, Cannizzaro decided to sell his home in California and move out of state. At or near the time Cannizzaro sold the house, he granted Stone a general power of attorney. Cannizzaro subsequently moved to Missouri.

Stone and defendant Jerry Benoit (Benoit) had joint business interests in Missouri. Soon after Cannizzaro moved to Missouri from California, Stone and Benoit experienced financial difficulties with some of their business ventures. In December, 1985, Stone obtained a check made payable to him in the amount of $100,000; the

signature on the check purported to be Cannizzaro's. The check was drawn from the joint checking account of Cannizzaro and his mother at the First Missouri Bank of Warrenton.

Prior to filing this lawsuit, Cannizzaro and his mother filed suit against the First Missouri Bank of Warrenton. That case settled prior to trial. The pleadings from the previous case are not included in the record, and were not in evidence at trial. The record indicates, however, that the prior suit was to recover $100,000 from the First Missouri Bank of Warrenton for wrongfully accepting the check. During the course of discovery in the suit against the First Missouri Bank of Warrenton, a representative of the bank deposed Cannizzaro. The defendants were not parties in the prior case. Cannizzaro predeceased his mother; both died prior to trial of this case.

This was a bench trial. During plaintiff's opening statement, counsel referred to Cannizzaro's deposition. Defendants objected to any reference to the deposition testimony, arguing the deposition was inadmissible. During trial, Stone testified he received the $100,000 check as a gift from Cannizzaro. He acknowledged that he had signed Cannizzaro's name on the check, but indicated that Cannizzaro had authorized him to sign the check under the authority given to Stone through the power of attorney. Stone deposited the check in a business account.

Following testimony of the witnesses, plaintiff attempted to admit into evidence the deposition of Cannizzaro taken in the prior suit against the First Missouri Bank of Warrenton. Defendants again objected to the admissibility of the deposition. Plaintiff requested the judge take judicial notice of the court file in the previous suit against the bank, which had been filed in the same court. The judge made no ruling on plaintiff's request the court take judicial notice of the file. After plaintiff made an offer of proof of portions of the deposition of Cannizzaro, the court sustained defen-

dants' objection and ruled the deposition was inadmissible. At the close of plaintiff's evidence, the court directed the verdict in favor of defendants.[1]

Plaintiff's sole point on appeal is that the trial court erred in excluding the deposition of Cannizzaro taken in the prior case. Plaintiff argues that there was an identity of issues and of parties in the two cases, and therefore the deposition was admissible. We disagree.

■ It is the general rule that a deposition taken in a prior case is inadmissible, *Bartlett v. Kansas City Public Service Co.*, 349 Mo. 13, 160 S.W.2d 740, 742–45 (Mo.1942), and that a deposition taken prior to joinder of a party to the case is inadmissible against that party. *Alvin Bergsieker v. Schnuck Markets, Inc.*, 849 S.W.2d 156, 160 (Mo.App.1993). The basis for exclusion of such testimony is that the parties not involved in the prior deposition had no real opportunity to cross-examine the witness. *First National Bank of St. Petersburg v. Switzer*, 277 S.W.2d 689, 691–92 (Mo.App. 1955).

An exception to the general rule of inadmissibility exists when there is a clear identity of issues and of parties. *Bartlett*, 160 S.W.2d at 743–45. The issues in the two proceedings must be the same. *Maxwell v. City of Springfield*, 705 S.W.2d 90, 92–93 (Mo.App.1986). The parties need not be identical, but must be in privity with one another. *Id.* at 93–94. The courts have interpreted parties as being in privity with one another when they have an "identity of interest", or the same interest and motive. *Id.* Privity of parties has been found in situations such as a husband and wife suing separately for damages resulting from wife's injuries sustained in an automobile accident, and an employer and employee both being sued for damages resulting from the negligence of the employee. *See, e.g., Bartlett*, 160 S.W.2d at 745; *Maxwell*, 705 S.W.2d at 94. Prior deposition testimony is admissible when the prior proceeding involved the same parties, or those with an

---

1. At oral argument Plaintiff's attorney conceded that she failed to make a submissible case with-

out admission of the deposition testimony.

"identity of interest" as the parties in the subsequent case, and the same issues are litigated, because the parties against whom the deposition is being used are said to have had sufficient opportunity to cross-examine the witness when the testimony was first given. *Bartlett,* 160 S.W.2d at 743. When there is an identity of issues and of parties, the interests of the parties in the subsequent case are fully protected.

Here, there is no identity of issues or of parties. The issues in the two cases are not the same. The issue of whether the bank accepted an improper check is not identical to the issue of whether the defendants conspired together to convert money from the Cannizzaros, forged Cannizzaro's signature on the check and breached a fiduciary duty owed to Cannizzaro. No identity of parties exists. The defendants were not parties to the prior case. They are not in privity with the First Missouri Bank of Warrenton, as the parties have no "identity of interest." The bank's interest in showing it did not wrongfully accept the check is not identical to the defendants' interest in establishing the check was a gift, and that Cannizzaro authorized Stone to sign his name on the check under the authority granted to Stone through the power of attorney. Defendants made a timely objection to the admissibility of the deposition. *See Breeding v. Dodson Trailer Repair, Inc.,* 679 S.W.2d 281, 286–87 (Mo. banc 1984).

The cross-examination of Cannizzaro did not fully protect the interests of the defendants, so as to warrant admission of the deposition. The trial court did not err in excluding the deposition testimony.

The judgment of the trial court is affirmed.

REINHARD and CRIST, JJ., concur.